CHARLES H. P. PLYMPTON *vs.* BOSTON DISPENSARY & others.

As between a tenant of real estate for life and the remainderman, an assessment thereon for a betterment occasioned by a public improvement is an incumbrance, to which the tenant for life must contribute to the extent of interest during his life on the amount paid, and at his death the remainderman bear the charge of the principal.

A testator devised a dwelling-house and other estate in trust to pay three fifths of the income to his daughter, and two fifths to a charitable corporation, during her life, and on her death the capital of the fund to the corporation, and provided that she might live in the dwelling-house and be charged a specified low rent against her share of income. During her occupation of the dwelling-house under the devise, an assessment was laid on it for a betterment occasioned by a public improvement. *Held*, that the trustee should pay the assessment out of the capital of the fund, and so long as the daughter should live in the house charge interest to her on the amount paid, and distribute this interest between her and the corporation by allowing her to retain three fifths and collecting and paying to the corporation two fifths thereof.

BILL IN EQUITY filed May 24, 1870, by the trustee under the will of Benjamin Dearborn, for the instructions of the court as to the payment of an assessment made by the city of Boston for betterment of an estate on Avon Place, upon laying out that place as a highway. The case was reserved by the chief justice, upon the bill and answers, for the determination of the full court, and was in substance as follows :

Benjamin Dearborn died and his will was admitted to probate in 1838. His wife had two daughters by a former marriage, one of whom had intermarried with his son, John M. Dearborn, and the other died long since. By the will, he devised all his real estate in trust to pay one third of the income (in compliance with a contract of jointure executed in 1830, just before his marriage) to his wife for life, and after her death to her two daughters, or the survivor of them, for life; and the remaining two thirds of the income in ten equal shares, to various persons for life, namely, one share to his wife for life and her daughters or the survivor of them for life, two to John M. Dearborn for life and after his death to his wife, and one to her for life, and the other six shares to different persons for life and after their deaths to the Boston Dispensary, a charitable corporation chartered in 1801; and upon the deaths of all those entitled to share in the income, the whole principal of the trust fund to vest absolutely in the Boston

Dispensary. The testator's widow, his son John M., and all the other devisees for life, except the son's wife, died before the bringing of the bill, leaving her entitled, under the will, to nine fifteenths, and the Boston Dispensary to six fifteenths, of the income during her life, and the Boston Dispensary to the whole residue after her death.

The testator directed, as to repairs on any of the buildings belonging to the estate, that whenever the trustees should " decide on the necessity or expediency of paying money for repairs, or for any other purpose which in their opinion may contribute to the value of the estate or the comfort of its tenants, the required sum shall be drawn from the succeeding income of the whole estate."

The will also contained the following provision : " It is my wish that my dwelling-house in Avon Place may continue to be pleasing to my wife as her place of residence, and that its use at a moderate rent may constitute part of the income secured to her by the contract above mentioned [namely, the contract of jointure] ; but on this subject I only express a wish without dictating ; for it is my desire that her own choice may be the governing principle in selecting a dwelling for herself and family, with full liberty to take a residence in any place she may prefer, either at housekeeping or boarding. Influenced by this desire, I direct that during the time in which my house in Avon Place shall be occupied by my wife or her daughters, or by my son, John M. Dearborn, the rent of said house shall be estimated at twenty dollars per calendar month, being at the rate of two hundred and forty dollars per annum. This sum is less than three and a half per cent. on the value of the estate, if my improvements be added to the first cost."

The bill alleged that the house on Avon Place was occupied, under the provisions of the will, by the testator's widow during her lifetime, and after her death by John M. Dearborn and wife, and since his death by his wife, paying only the rent mentioned in the will; that she still occupies the house, claiming the right to do so for the same rent; that the yearly rental value long has been much greater than two hundred and forty dollars, and is now more than two thousand dollars; that on September 25,

1868, the city of Boston, acting or claiming to act under authority of law, laid out Avon Place, from Washington Street to Chauncey Street, as a public highway, and on April 5, 1869, made assess‑ ments for alleged betterment on said estate and other estates, that the assessment so made on said estate was $1716, for which the city claims, and threatens to enforce, a lien thereon; and that the plaintiff was ignorant whether the amount of such assessment should be paid by him, and, if so, whether, wholly or in part, from the funds in his hands belonging to Mrs. Dearborn, or from those belonging to the Boston Dispensary; and prayed for an injunction against the city, and for instructions in the execution of the trust.

The Boston Dispensary, in its answer, admitted all the mate‑ rial allegations of the bill; and contended that Mrs. Dearborn should pay or contribute to the payment of the assessment for betterment, or the plaintiff should pay or contribute to the pay‑ ment of the same out of her funds in his hands as trustee. Mrs Dearborn, in her answer, also admitted all the material allega tions, except that she denied that the yearly value of the premises on Avon Place was more than two thousand dollars; and she alleged that by the will she was entitled to occupy the premises only as a residence, and that their value as a dwelling place had been greatly diminished by the act of the city of Boston in ex‑ tending Avon Place to Chauncey Street and making it a thor oughfare for public travel; and contended that the assessment for betterment should be paid, if at all, by the Boston Dispensary, who upon her death would become the absolute owners of the estate, and that she was entitled to receive nine fifteenths of the income in the hands of the plaintiff, without any deduction there- from on account of the assessment. The city of Boston filed no answer.

*R. Stone, Jr.,* for Mrs. Dearborn.

*A. Lincoln,* for the Boston Dispensary.

GRAY, J. It is admitted that the assessment for betterment was duly laid by the city upon the estate in Avon Place, and must be paid. The question argued is, how the plaintiff shall charge or apportion the amount upon the interests of the Boston

Dispensary and of Mrs. Dearborn in the trust fund in his hands. This question may be most conveniently treated by considering first the general rules of law in like cases, and then how far the application of those rules is affected by the provisions of the will.

As between tenant for life and remainderman, ordinary taxes are to be paid by the tenant for life. *Fountaine* v. *Pellet*, 1 Ves. Jr. 337. *Varney* v. *Stevens*, 22 Maine, 331. *Cairns* v. *Chabert*, 3 Edw. Ch. 312. But when the whole estate is subject to, and benefited by the discharge of, an incumbrance not created by either, equity will apportion it ratably between their different interests. In the case of a mortgage, for instance, the tenant for life is bound to keep down the interest, but not to pay the principal; and upon a discharge of the mortgage by the remainderman, a strict adherence to the rule would require the tenant for life to pay interest on the amount during his life; although, for the convenience of all parties, the value of such an annuity is usually estimated, and paid at once in gross. 4 Kent Com. (6th ed.) 74, 75. *Swaine* v. *Perine*, 5 Johns. Ch. 482. *Van Vronker* v. *Eastman*, 7 Met. 157. An assessment for betterment, under our statutes, upon the laying out of a highway, is a tax; but it is not an ordinary tax; it is an extraordinary assessment laid on the premises, in view of the permanently increased value of the estate by reason of the public improvement in the vicinity. *Harvard College* v. *Aldermen of Boston*, 104 Mass. 470. *Codman* v. *Johnson*, Ib. 491. It must therefore be treated, as between tenant for life and remainderman, as an incumbrance on the whole estate, to which the tenant for life must contribute to the extent of interest during his life on the amount paid, and at his death the remainderman bear the charge of the principal. The burden of an assessment for betterment is thus borne by them in the same proportions in which they would have received the benefit of entire damages assessed against the city, in case the estate had been injured, instead of being benefited by the improvement. Gen. Sts. *c.* 43, § 17. *Gibson* v. *Cooke*, 1 Met. 75.

The will of this testator contains no provision as to the payment of taxes, but leaves that to be settled by the general rules of law. The clause as to repairs relates only to expenses volun-

tarily incurred by the trustees. Mrs. Dearborn is not obliged to occupy the estate on Avon Place, but may do so at her discretion. If she does, the rent, at the moderate rate fixed by the will, is to be computed as part of her share of the income of the trust property, of which that estate forms part. If she does not, the income of this estate, like that of the rest of the trust fund, is to be divided between her and the Boston Dispensary, in the proportion of nine fifteenths to her and six fifteenths to that institution. In the first case, so long as she occupies the house on Avon Place, she is tenant for life; Co. Lit. 42 *a;* and as such must pay the ordinary taxes on the house. In the second case, such taxes would be paid proportionably by her and by the other party entitled to share in the income. The same rule of apportionment must be applied to the payment of interest on the amount paid out of the principal of the trust fund to discharge the assessment for the betterment of the estate in question. So long as she may see fit to occupy it as a dwelling, and thus enjoy the exclusive use of the premises, she must pay the interest. If she should at any time elect to abandon the occupation, the burden of this charge will rest upon her and the Boston Dispensary in the same proportion as the benefit of the income. It would not be equitable to charge her, by reason of her occupation at the time of the assessment, with the present value of an annuity on the amount thereof; because she is not bound by the terms of the will to make her election immediately to occupy the estate throughout her lifetime, and if she should at any time hereafter elect to give up such occupation, she would be chargeable for the rest of her life with only nine fifteenths of the interest.

The result is, that the amount of the assessment for betterment is to be paid out of the principal of the trust fund, and interest thereon is to be charged by the trustees annually to Mrs. Dearborn so long as she shall live in the house; and the interest so charged is to be distributed between her and the Boston Dispensary in proportion to their interests in the income, by allowing her to retain nine fifteenths, and collecting from her and paying to that corporation six fifteenths thereof. If she shall at any time cease to live in the house, the trustees will have no occasion

afterwards to keep a separate account of the interest on the sum paid out for the betterment; for that sum, having been paid from the principal of the trust fund, will proportionately diminish the income payable during the rest of her life to her and to the other *cestui que trust*. *Decree accordingly.*