## NORMAN MINER *vs*. THOMAS P. PINGREE.

Under the Gen. Sts. *c*. 11, § 8, land is taxable to the person having the legal estate therein, although he is a mere trustee without power of control or management.

CONTRACT by the collector of taxes of the town of Windsor, to recover the amount of the taxes assessed to the defendant on certain real estate in that town.

The land in question was conveyed to the defendant by several deeds, the habendum in each of which was, " To have and to hold the above granted premises, with all the privileges and appurtenances thereto belonging, to the said Thomas P. Pingree, trustee, his successors and assigns, to his and their own use and behoof forever." The defendant afterwards executed a declaration of trust, which recited that certain mill owners therein named had " agreed together to form an association for the purpose of constructing a reservoir dam and pond in Windsor, for the use, benefit and enjoyment of their respective mills and privileges," " and designing and intending that said reservoir pond should be annexed to their respective mills and privileges, and pass by the sale and conveyance of said mills and privileges as a part of the mill privilege and appurtenances thereof, and desiring for convenience in carrying out said project to have the titles held by one person in trust for the present," had purchased the land

above mentioned conveyed to the defendant, "which conveyances were so made" to the defendant "only in trust for" said mill owners "and their assigns, of their respective mills and privileges;" and continued thus: "I, the said Thomas P. Pingree, do hereby acknowledge and declare that I have no claim to and make no claim to any of said property set forth by the deeds of conveyance hereinbefore stated; that I am nominated the grantee therein, on the part of said parties heretofore stated, and their assigns, and that I am therein trusted only by and for said parties and their assigns so as aforesaid, and only claim to hold the same to and for their use and benefit, in fee simple for the purposes aforesaid. And I, the said Thomas P. Pingree, do, for myself and my heirs, by these presents covenant that I, the said Thomas P. Pingree, and my heirs, shall and will, at any time hereafter, upon request, and at the cost and charges of the said parties or their assigns, convey to them or their assigns, or such person or persons as they shall nominate, by good and sufficient deeds, the premises hereinbefore referred to, except such as has already by their request and direction been by me conveyed."

The case was submitted to the judgment of the Superior Court, and, on appeal, of this court, upon an agreed statement of facts setting forth the deeds to the defendant and his declaration of trust; the plaintiff to recover, provided the interest of the defendant in the premises, as it appeared by the deeds and the declaration of trust, was such as to make him liable to taxation.

*M. Wilcox*, for the plaintiff.

*J. Dewey, Jr.*, for the defendant.

By THE COURT.* The legal title to the estate was in the defendant, and was therefore taxable to him under the Gen. Sts. c. 11, § 8. *Judgment for the plaintiff.*

---

* This case was submitted on briefs, and was decided by all the judges except COLT, J.