CITY OF BANGOR *vs.* ANNA C. PEIRCE, Admx.

Penobscot.    Opinion June 7, 1910.

*Municipal Corporations.    Public Improvements.    Personal Liability.    Assessments.*
*Executors and Administrators.    Revised Statutes, chapter 23, sections 33, 37.*

1.  Neither the state nor federal constitution prohibits the enactment of section 37 of chapter 23, R. S., imposing a personal liability upon the party assessed for benefits to his abutting real estate resulting from street improvements.

2.  A party vested with the legal title to such abutting property, though in trust only, is within the statute and can be assessed and made personally liable for such benefits, since he has the right of reimbursement from the trust estate, even though no right of reimbursement is expressed in the statute.

3.  If such trustee does not pay the assessment in his lifetime an action can be maintained therefor under Revised Statutes, chapter 23, section 37, against his goods and estate in the hands of his executor or administrator.

On report.    Judgment for plaintiff.

Action under the provisions of Revised Statutes, chapter 23, section 37, to recover the assessments on certain lots of land on Franklin Street, Bangor, made on account of widening said street. Plea, the general issue, with brief statement as follows:  "That neither the said Laura Hayford in her lifetime, nor the defendant as administratrix with the will annexed of the estate of said Laura Hayford, as aforesaid, ever was indebted to the plaintiff as alleged."    When the action came on for trial, the following admissions were made:

"It is admitted that there was an authorization of this suit by the City Council of Bangor.

"It is admitted that the street has been opened and that the damages have been paid.

"It is admitted that the assessment was legal and in due form upon land held by Laura Hayford as trustee.

"It is admitted that the claim was duly filed in the probate office against the estate of Laura Hayford."

At the conclusion of the evidence, the case was reported to the

Law Court to render such judgment as the law and the evidence require.

The declaration in the plaintiff's writ is as follows: "In a plea of the case for that whereas on the twelfth day of December A. D. 1905 upon the petition of thirty-four tax-payers and residents of said City, the City Council of said City ordered the Street Engineers of said City to lay out a widening of Franklin Street in said City; and whereas the said Street Engineers gave due notice of their intention to lay out said widening on the 30th day of December A. D. 1905, and on said 30th day of December A. D. 1905, said Street Engineers met and proceeded to lay out said widening, and after hearing all persons on the questions of damages, awarded Laura Hayford Trustee, the sum of $30,000 as full compensation for the land taken for said widening, and assessed a portion of said sum so awarded, to wit, the sum $22,500 upon the lots adjacent to and bounded on said street, other than those for which damages are allowed, and did assess upon Laura Hayford under the name of Laura Hayford trustee, the sum of $8,250.07 she owning land bounded upon said street and being benefited thereby;

And whereas on the 9th day of January A. D. 1906, the City Council of said City accepted the report of said Street Engineers and established said laying out as made by them in their report, and ordered notice to be given to all persons that said City Council would meet on the 29th day of January A. D. 1906, to give a hearing to all persons interested in the question of betterments; and whereas due notice having been given, said City Council met on the said 29th day of January 1906, heard all parties on the question of betterments and finally established and confirmed said assessments as reported by said Street Engineers; and whereas the City Clerk of said City having recorded the assessment apportioned and established as aforesaid, gave due notice on the 31st day of January A. D. 1906, to each owner and proprietor of said lot or parcel of land so assessed, of the amount assessed against it, and whereas said City has paid to the owner of the land taken for said widening the sum of $30,000 being the amount awarded, and has entered upon and taken possession of said land for the purpose of widening said street;

wherefore by reason of all of which acts and proceedings by said City in the premises, the said Laura Hayford became indebted to said City in the sum of $8250.07 with interest thereon at twelve per cent per annum from the said twenty-ninth day of January A. D. 1906, as for money paid, laid out and expended by said City for the benefit of said Laura Hayford which sum the said Laura Hayford in consideration of the premises aforesaid promised to pay plaintiff on demand as by statute in such case made and provided.

And plaintiff avers that on the twenty-first day of November A. D. 1908, being within eighteen months after the said Anna C. Peirce had filed notice of her appointment in the Probate Court as administratrix with the will annexed as aforesaid, and at least thirty days before the commencement of this suit, the claim herein declared on, a copy of which is hereto annexed, was filed in the Probate Court according to law; yet neither the deceased in her lifetime, nor since her decease, has the said Anna C. Peirce, ever paid the same.

And plaintiff further avers that twenty months has not elapsed since the defendant filed her notice of appointment as aforesaid in the Probate Court.

Bangor, Me., Nov. 21, 1908.

ESTATE OF LAURA HAYFORD,
         To CITY OF BANGOR, Dr.
                  Highway Department.

1908.   For assessment made January 29, 1906 on account of widening of Franklin Street.

Lot westerly side of Franklin Street with the store house and buildings, bounded southerly by Kenduskeag Stream and measuring on Franklin Street about 110 feet.

|  |  |
|---|---|
| Amount assessed | 498.92 |

Lot easterly side of Franklin Street bounded northerly by Kenduskeag Stream with buildings, measuring on Franklin Street about 275 feet.

|  |  |
|---|---|
| Amount assessed | 8250.07 |
|  | 8748.99 |
| Interest for two years, 9 months, 24 days at 12% | 2957.15 |
|  | 11706.14 |

Also for that the said Laura Hayford at Bangor on the 29th day of January A. D. 1906 being indebted to the plaintiff in another sum of fifteen thousand dollars for so much money before that time laid out and expended by the plaintiff for the use of the said Laura Hayford at her request, in consideration thereof, then and there promised the plaintiff to pay the same on demand; yet neither the said Laura Hayford in her lifetime, nor since her decease has the said Anna C. Peirce, Administratrix with the will annexed, ever paid the same, although plaintiff on the 21st day of November A. D. 1908 being within eighteen months after said Anna C. Peirce filed notice of her appointment in the Probate Court as administratrix of said Laura Hayford with the will annexed as aforesaid, and at least thirty days before the commencement of this suit filed the claim herein declared on, being the account hereto annexed in the Probate Court according to law. And plaintiff further avers that twenty months has not elapsed since the defendant filed notice in the Probate Court of her appointment as aforesaid.

Bangor, Me. Nov. 21, 1908.

ESTATE OF LAURA HAYFORD,
                To CITY OF BANGOR, Dr.
                        Highway Department.

1908.    For assessment made January 29, 1906 on account of widening of Franklin Street.

Lot westerly side of Franklin Street with the store house and buildings, bounded southerly by Kenduskeag Stream and measuring on Franklin Street about 110 feet

| | |
|---|---:|
| Amount assessed | $ 498.92 |

Lots easterly side of Franklin Street bounded northerly by Kenduskeag Stream with buildings, measuring on Franklin Street about 275 feet

| | |
|---|---:|
| Amount assessed | 8250.07 |
| | $8748.99 |
| Interest for 2 years, 9 months, 24 days at 12% | 2957.15 |
| | $11706.14 |

Yet though often requested, said Defendant has not paid said sum, nor any part thereof, but neglects and refuses so to do, to the damage of said plaintiff (as it says) the sum of Fifteen Thousand Dollars."

The case is stated in the opinion.

*Donald F. Snow, Charles A. Bailey, and Taber D. Bailey,* for plaintiff.

*E. C. Ryder,* for defendant.

SITTING: EMERY, C. J., PEABODY, SAVAGE, SPEAR, CORNISH, KING, BIRD, JJ.

EMERY, C. J. By statute, R. S., chap. 23, sec. 33-37 inclusive, provision for widening streets, etc., in cities is made substantially as follows, viz: When the city council widen any street and decide that damages should be allowed therefor, they may apportion a part or the whole of such damages, as to them seems fit, upon the lots adjacent to and bounded on such street. Before such apportionment or assessment is made, public notice is to be given to all persons interested. Any person not satisfied with the amount for which he is assessed can have the assessment upon his land determined by arbitrators. If the assessment finally fixed on any lot is not paid, the lots may be sold, etc., and, by sec. 37, "If said assessments are not paid, and said city does not proceed to collect said assessments by a sale of the lots or parcels of land upon which said assessment is made, or does not collect, or is in any manner delayed or defeated in collecting said assessments by a sale of the real estate so assessed, then the said city, in the name of said city may maintain an action against the party so assessed for the amount of said assessment, as for money paid, laid out and expended, in any court competent to try the same, and in such action may recover the amount of such assessment, with twelve per cent interest on the same from the date of said assessment, and costs."

Acting under the above statute, the City Council of Bangor duly widened Franklin street, allowed $30,000 for damages caused thereby, and apportioned a part of said damages upon certain lots

adjacent to and bounded on Franklin street. The lots so assessed had been conveyed to Laura Hayford by a deed reciting that the consideration was "paid by Laura Hayford of said Bangor as she is trustee under the last will of Wm. B. Hayford, late of said Bangor, deceased ;" and that the conveyance was made to "the said Laura Hayford, Trustee, her successors in said Trust, heirs and assigns forever" with habendum to "the said Laura Hayford, Trustee, her successors in said trust, heirs and assigns forever." There was in the deed no other suggestion that she was not to have the land in absolute fee simple. The assessment upon this land by the City Council was made against "Laura Hayford, Trustee," Jan. 29, 1906. She did not appeal from the assessment, nor did she pay the assessment during her lifetime up to her death, March 20, 1907. The assessment not having been paid nor any other measures to collect it having been taken, the city on Dec. 22, 1908 brought this suit therefor against her estate in the hands of Anna C. Peirce, Admx. thereof. Authority for the suit is claimed under sec. 37 of the statute above quoted.

No question is made of the regularity of the proceedings, nor of the validity of the assessment upon the lots. The only contention in the defense is that Laura Hayford was not in her lifetime personally liable for the assessment, and hence of course her individual estate is not liable after her death. Two propositions are urged in support of the contention,—first, that the legislature has no power to impose upon the owner a personal liability for such assessment,—second, that in fact this assessment was not upon her personally but only upon her as trustee, and hence only the trust estate was made liable.

1. The constitutional question raised has received different answers in different States. The majority of the answers affirm the power. Many of the cases denying the power seem to be based on a theory that it is unjust to make the owner personally liable for what is only a benefit to a particular parcel of land. But the justice or injustice of the requirement is a question for the legislature, not for the court. The power is manifestly legislative in character, and hence must be upheld unless clearly prohibited to the legislature

by some section or clause of the State or Federal Constitution. No exercise of the legislative power is to be held thus prohibited unless the prohibition is manifest, beyond a reasonable doubt, as has often been iterated in prior opinions of this court. We do not find in either constitution any section or clause clearly forbidding the imposition of a personal liability upon the owner to make compensation for the increase in the value of his property caused by adjacent public improvements made at the public expense. The imposition of a personal liability for special assessments is not under the power of eminent domain, but is under the taxing power of the legislature, almost if not quite its most extensive, least limited, power. *Dalrymple* v. *Milwaukee*, 53 Wis. 185 ; *People* v. *White*, 94 Ill. 604 ; *Allen* v. *Drew*, 44 Vt. 175 ; *Warren* v. *Henley*, 31 Iowa, 31 ; *New Haven* v. *R. R. Co.*, 38 Conn. 442 ; *Hager* v. *Reclamation Dist.*, 111 U. S. 701 ; *State* v. *Newark*, 35 N. J. L. 168 ; *Hill* v. *Higdon*, 5 Ohio St. 243 ; *Litchfield* v. *New York*, 41 N. Y. 123. In this State *Auburn* v. *Paul*, 84 Maine, 212, was a case to enforce a personal liability upon an abutting owner for the sum assessed upon his abutting property under a statute identical with the sec. 37 in this case. The action was sustained, the court remarking (page 216) "The constitution no where provides that the legislature shall not require private interests receiving a peculiar advantage from a public work to contribute in a commensurate degree." In *City of Lowell* v. *Hadley*, 8 Met. 181, as early as 1844, there was sustained without question an action of assumpsit against the owner to recover the amount of an assessment for the expense of a sidewalk in front of his land. Statutes imposing personal liability to pay special assessments have long existed and been enforced in Maine and Massachusetts without question and this acquiescence is strong argument for their constitutionality, if argument were needed.

II. The statute (sec. 37), above held constitutional, expressly, in terms, authorizes "an action against the party so assessed for the amount of said assessment as for money paid, laid out and expended." If the deed to Laura Hayford and the assessment had made no mention of her title being that of trustee, it would now

need no argument to justify holding her personally liable under the statute. *Auburn* v. *Paul*, 84 Maine, 212. *Lowell* v. *Hadley*, 8 Met. 181. The deed and the assessment, however, did describe her as "Trustee" and it should be conceded that a trust in the land could have been enforced against her. Was she, nevertheless, personally liable for the assessment made upon the land which she held under the deed above recited?

She held the legal title, and, though holding it in trust, she was yet the legal owner with all the legal rights, duties and liabilities of owner as to all the world except ·the cestui que trust. *Smith* v. *Portland*, 30 Fed. 734; *Carey* v. *Brown*, 92 U. S. 171, at page 172 and cases there cited; *Obert* v. *Bordine*, 20 N. J. L. 394; 1 Perry on Trusts (3 Ed.); sec. 32. She could have maintained real actions against disseisors and actions of forcible entry and detainer against tenants, and also actions for rents, injuries to the freehold, etc. in her own name without describing herself as trustee. She would have been personally liable to others for injuries resulting from the condition of the property. *Shepard* v. *Creamer*, 160 Mass. 496. In actions against her concerning the property, it would not have been necessary to declare against her as trustee. *Odd Fellows* v. *McAllister*, 153 Mass. 292. As said in that case (page 297) "the description of the defendants as 'trustees' in the writ was surplusage. There is no provision by which judgment and execution against trustees run against the trust estate in their hands, as in the case of executors and administrators. Even when they are entitled to indemnity from the trust fund, the judgment in an action at law is against them as individuals, whatever may be the doctrine in equity."

That general taxes upon land held in trust may be assessed to the holder of the legal title and that such holder is within the statutes imposing a personal liability therefor upon the person assessed, is well settled and, indeed, does not appear to·have been questioned. *Baldwin* v. *Trustee*, 37 Maine, 369; *Tracy* v. *Reed*, 38 Fed. 69; *Miner* v. *Pingree*, 110 Mass. 47; *Richardson* v. *Boston*, 148 Mass. 508; *Knight* v. *Boston*, 159 Mass. 551; *Dunham* v. *Lowell*, 200 Mass. 468; *Latrobe* v. *Baltimore*, 19 Md. 13; Perry

on Trusts, sec. 331; Beach on Trusts and Trustees, sec. 415; Lewin on Trusts (1 Ed.), page 557. On principle, the trustee would seem to be as much within the statute as executors, administrators, guardians, etc., whose personal liabilities for taxes on property in their hands assessed to them is at least assumed in *Fairfield* v. *Woodman,* 76 Maine, 549 (page 551) ; *Dresden* v. *Bridge Co.,* 90 Maine, 489 (page 493) and is expressly held in *Payson* v. *Tufts,* 13 Mass. 493.

It is urged, however, that even if Mrs. Hayford was personally liable for general taxes assessed upon the land in question, it does not follow that she was personally liable for special assessments like that in this case. That much may be conceded. The question of her personal liability in either case depends upon the statute in that case. In the case of special assessments the statute is comprehensive and explicit that an action for the amount of the assessment may be maintained "against the party so assessed." Mrs. Hayford was the party and the only party assessed. She was the proper person to be assessed as she was the legal owner, held the legal title. The taxing authorities were not required to go behind her title. The addition of the word "Trustee" to her name did not make her any the less the party assessed, any more than does the addition of the word "guardian," or "executor" or "administrator" in assessments against such persons. It did not exempt her from her obligation, as the holder of the legal title and the party properly assessed, to pay the assessment as required by the statute.

One argument strongly urged against the applicability of the statute to one who holds the legal title, not for himself but in trust only for others, is that the statute does not provide that such person may be reimbursed from the trust estate. It is contended that for want of such a provision the statute must be held inoperative upon persons holding only the legal title without any beneficial interest, since otherwise it would be open to the constitutional objection that it would thus operate to take the property of one person for the benefit of another without due process of law. The answer is that the trustee would have the right of reimbursement from the trust estate for what he is compelled by the statute to pay for its benefit, and it is not necessary the right should be expressed in the statute.

Whenever any law, statutory or other, imposes a personal duty upon a guardian, executor or trustee to pay money of his own for the benefit of the estate in his care, it follows under the general principles of jurisprudence, without special statutory provision, that the money so paid will be chargeable to the estate and that in equity, at least, reimbursement will be enforced. Perry on Trusts, secs. 910, 913, 915; *Perrine* v. *Newell*, 49 N. J. Eq. 57; *Woodruff* v. *N. Y. R. R. Co.*, 129 N. Y. 27; *Gibson* v. *Charter Oak Ins. Co.*, 142 U. S. 326. The principle is illustrated by analogous cases where life tenants have been obliged to pay the whole assessment for street improvements benefiting the property. The duty to pay the whole may be imposed on life tenants though the benefit is to the fee as well as the life estate, and when imposed and performed the life tenant can compel the remainder man to contribute his equitable share. *Plympton* v. *Boston Dispensary*, 106 Mass. 544; *Reyburn* v. *Wallace*, (Md.) 3 S. W. 482. So in the case of a tenant from year to year. *Hitner* v. *Ege*, 23 Pa. St. 305. No statute was invoked in those cases.

It is still further urged that if there was a right of action against Mrs. Hayford personally it should have been brought in her lifetime since by its terms the trust ended with her death and now there is no trust estate from which her estate can be reimbursed if now compelled to pay. In the argument at bar there was some discussion whether a special assessment is a debt. Whether technically a debt or not, there was a personal duty to pay the assessment, not contractual to be sure and only imposed by statute but nevertheless a personal duty. Duties imposed by law are as much duties as those assumed by contract, 3 Bl. Com. 160. This duty she did not perform in her lifetime as she might and should. Her estate must now answer for her default. *Bulkley* v. *Clark*, 2 Root 60 (Conn.); *Wooten* v. *House*, (Tenn.) 36 S. W. 936. The right of action was against her personally and hence under modern law survives her death.

> *Judgment for the plaintiff for eighty-seven hundred and forty-eight dollars and ninety-nine cents with interest at twelve per cent per annum from Jany. 29, 1906, the date of the assessment.*