JACK M. FRANKS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 53685.   Promulgated March 22, 1935.

*W. R. Arrington, Esq.,* for the petitioner.
*C. R. Marshall, Esq.,* for the respondent.

### OPINION.

BLACK: In this proceeding petitioner assails a deficiency in income tax in the amount of $889.79 determined by the respondent for the calendar year 1929. The sole issue presented for our decision is whether any portion of a fund set aside by a trustee in 1929 for payment of 1928 real estate taxes on trust properties constitutes income currently distributable and taxable to a beneficiary of the trust, where the trustee, who kept his books and filed his returns on the cash receipts and disbursements basis, did not pay these taxes in 1929 and did not distribute or credit any portion of the fund to the beneficiary.

The facts are stipulated and we adopt this stipulation as our findings of fact. For the purpose of this decision, the following brief statement will suffice.

Petitioner is a resident of Chicago, Illinois, and is one of the beneficiaries named in a trust created in the will of his father, who died in April 1928. Under the terms of this will and a trust agreement subsequently entered into by three beneficiaries named in the will and the Chicago Title & Trust Co., as trustee, petitioner is entitled to receive a portion of the net income of the trust. The will authorizes four trustees named therein to " determine the mode in which expenses are to be borne as between capital and income ", " to pay off any and all encumbrances against the trust estate * * * as the same mature if, in the judgment of the trustees, it is advisable so to do ", to " incur and make whatever expenses and outlay they may deem necessary, prudent or expedient for the proper administration of their respective trusts ", and " to pay any taxes." In the trust agreement the trustee, among other things, " is authorized, empowered and directed to pay all taxes, assessments and other charges levied or imposed against said trust estate or any part thereof ", and the agreement provides that all expenditures made or incurred by the trustee in administering the trust, including the payment of all taxes against the trust estate, shall be paid or allowed out of the income of the trust estate. The trust agreement also provides that the trustee shall from time to time, as and when received by it, distribute and pay over, in quarter-yearly installments as near as may be, all of the moneys payable to petitioner under the trust created for his benefit in the will of the decedent.

During the year 1929, the Chicago Title & Trust Co. (hereinafter referred to as the " trustee "), as trustee under the will and trust agreement, set aside out of the income received from the trust estate the sum of $30,366.59 as an estimated liability for real estate taxes of the trust for the year 1928. Under the law of Illinois these taxes became a lien against the property of the trust estate on April 1, 1928. Ordinarily tax bills are rendered in April of the following year and are payable on or before May 1 of the same year. Owing to a delay resulting from a reassessment of real estate for tax purposes ordered by the Cook County Board of Tax Assessors in 1928, the trustee received no bills for 1928 taxes on the property of the trust estate located in Cook County, Illinois, until after December 31, 1929. In 1930 the trustee paid $21,185.97 in cash to the County Collector of Cook County, Illinois, for real estate taxes of the trust for the year 1928.

Petitioner's books of account are kept on the basis of cash receipts and disbursements and his individual income tax return for the calendar year 1929 was made on the same basis.

The books of account of the trustee in respect to the trust here involved are kept on the basis of cash receipts and disbursements

and the fiduciary return filed by the trustee for the year 1929 was made on the same basis, except that in computing the net income, the trustee set aside and deducted the sum of $30,366.59, representing the estimated liability of the trust for real estate taxes due to Cook County, Illinois, for the year 1928. After making this deduction, the net income shown on the fiduciary return was $33,852.94, and petitioner's distributive share was $11,377.83.

On his individual return for 1929 petitioner reported $11,286.16 as his distributive share of the income of the trust, and $91.67 was returned as interest on tax-free covenant bonds upon which a tax was paid at source.

Upon examination of the books and records of the trustee for the purpose of verifying the fiduciary return of income for 1929, respondent disallowed as a deduction the estimated liability of $30,-366.59 for real estate taxes of the trust for 1928, increased the amount of distributable income for 1929 by $30,366.59, and also increased petitioner's distributable share by $13,068.09, which amount represents the proportionate part of $30,366.59 allocable to petitioner, measured by his share in the entire trust estate. The deficiency here in dispute results from respondent's action in increasing the income reported by petitioner by the amount of $13,068.09. No portion of this amount was either credited or physically distributed or paid to him by the trustee in the year 1929. The " trustee " has since refused to make actual distribution of this sum of $13,068.09 or any part thereof, although repeated demands therefor have been made by petitioner.

Petitioner contends that the fund reserved by the trustee out of the income of the trusts for the year 1929 for the payment of the 1928 real property taxes of the trust does not and could not conceivably constitute income taxable to him; that the trustee was specifically authorized by the trust instruments to pay all taxes levied against the trust properties and was given absolute discretion in charging such taxes against the income of the trust; that the trustee became personally liable May 1, 1928, for the 1928 taxes and was under a specific duty to pay them; and that no portion of the fund deducted by the trustee from the 1929 trust income to pay these taxes is taxable to petitioner because (1) it was not received or credited to him in the year 1929, and (2) he had no right in the fund reserved and could not, even by court action, have compelled the trustee to distribute to him any portion of this fund.

Respondent contends that the amount of distributable income of the trust was properly increased by the disallowance of a reserve for local taxes, where the books of the trust were kept on a cash receipts and disbursements basis.

The applicable provisions of the Revenue Act of 1928 are sections 161 (a) (2) and 162 (b).[1] Under these provisions income is taxable to the beneficiary of a trust where by the terms of the trust instrument the fiduciary is "under an absolute obligation to pay, whether he had done so or not, and whether he has credited the payments to the beneficiary or not." *Commissioner* v. *Stearns*, 65 Fed. (2d) 371; certiorari denied, 290 U. S. 670. One of the points relied on by the petitioner, that no portion of the amount which respondent added to the income from the trust reported in his return was paid or credited to him during 1929, is not therefore decisive of the issue here presented. The test of the taxability to the beneficiary in a distributable trust is not the receipt of income, but the present right to receive it. *Freuler* v. *Helvering*, 291 U. S. 35.

Respondent's determination that petitioner's distributable share of the income of the trust estate should be increased by his proportionate share of the amount withheld for taxes is based upon the fact that the trustee, being on the cash receipts and disbursements basis, was not entitled in its fiduciary return for 1929 to deduct the amount set aside in that year for the payment of 1928 taxes on the trust properties which were not actually paid until 1930. While respondent was justified in disallowing this deduction to the fiduciary (see *Arthur T. Galt*, 31 B. T. A. 930, and cases therein cited), it does not necessarily follow that the amount disallowed may be added to the distributable income of the beneficiaries. We do not have the trust before us in this proceeding. The " trust " is a taxpayer within the meaning of Title I of the Revenue Act of 1928, *Anderson* v. *Wilson*, 289 U. S. 20, affirming 60 Fed. (2d) 52, and a separate taxable person from the beneficiary, *Merchants Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509.

[1] SEC. 161. IMPOSITION OF TAX.

(a) *Application of Tax.*—The taxes imposed by this title upon individuals shall apply to the income of estates or of any kind of property held in trust, including—

\* \* \* \* \* \* \*

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct:

\* \* \* \* \* \* \*

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual, except that—

\* \* \* \* \* \* \*

(b) There shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is to be distributed currently by the fiduciary to the beneficiaries, and the amount of the income collected by a guardian of an infant which is to be held or distributed as the court may direct, but the amount so allowed as a deduction shall be included in computing the net income of the beneficiaries whether distributed to them or not. Any amount allowed as a deduction under this paragraph shall not be allowed as a deduction under subsection (c) of this section in the same or any succeeding taxable year.

The deductions which a trustee may take in computing its taxable income are controlled by the applicable provisions of the revenue act. In determining the income currently distributable to beneficiaries of a trust, however, we must be guided by the terms of the trust instruments. *Baltzell* v. *Mitchell*, 3 Fed. (2d) 428, 430. If they gave petitioner a present right to receive in 1929 his proportionate share of the amount set aside for taxes and the trustee was under an absolute obligation to pay it to him, this share should be included in his taxable income, although not actually distributed to him.

One of the duties imposed on the trustee under the provisions of the trust instrument was to pay to petitioner a certain portion of the net income of the trust. Another was to pay the taxes and encumbrances out of the trust income. In the instant proceeding, we are not prepared to say that the trustee did not exercise sound judgment by withholding from the distributable income of the beneficiaries in 1929 a reasonable amount to cover taxes which became a lien on the trust properties on April 1, 1928, and for the payment of which it became personally liable as the holder of the legal title on May 1 of that year. Cahill's Revised Statutes of Illinois (1927 and 1929), ch. 120, par. 64; *City of Bangor* v. *Pierce*, 76 Atl. 945; 106 Me. 527. The Supreme Court of Minnesota in *In re Harris' Will*, 212 N. W. 182, had occasion to discuss the duty of a trustee under somewhat similar circumstances, and said:

It is for the trustee not only to see to the payment of the taxes and other maintenance charges, but also, where reasonably possible, to provide in advance for their payment and take such measures as will in any event save the property against the liens which are sure to result unless current payments are met. The rights of the beneficiaries are subordinate to such charges.

It is true that the trust instruments here in controversy directed the trustee " to pay any taxes " and did not expressly empower it to set aside funds for such payment. A trustee may, however, adopt such measures and do such acts as are implied in the general directions contained in the trust instruments and which are proper and reasonable means for making them effectual. The mandatory duty of a trustee to pay taxes in our opinion carries with it the implied power to set aside an amount sufficient to meet their payment under such circumstances as we have in the instant case. The only restriction placed on the trustee by the trust instruments here is that the taxes must be paid out of income, and there is nothing contained therein which prohibits the trustee from providing for such payment at a future time by setting aside out of current income that which the trustee properly regards as a charge against that income on account of taxes.

Assume the petitioner had instituted suit against the trustee for the sums deducted. What court would have compelled the trustee to distribute to the beneficiaries of the trust this money which had been segregated to assure payment of the taxes constituting a lien against the trust properties and constituting a personal liability of the trustee for which it was entitled, both under the language of the trust instruments and under the established principles of trust law, to be reimbursed out of the trust properties?

It is our conclusion that the trustee acted within the authority conferred upon it by the trust instruments when it withheld from distribution to the beneficiaries of the trust in 1929 a reasonable amount of the trust income to meet a tax liability which had accrued against the trust properties, and that petitioner had no present right in that year as a beneficiary to receive any portion of the income so withheld. Cf. *Mollie Netcher Newbury*, 26 B. T. A. 101. Respondent erred in determining that a portion of this income was taxable to petitioner. Cf. *Luke W. McCrory, Trustee*, 25 B. T. A. 994; affd., *McCrory* v. *Commissioner*, 69 Fed. (2d) 688.

In the latter case the Board held that the trust required the trustee to distribute annually the income of the trust to the beneficiaries, except that which was required to pay certain " burdens and obligations " of the trust, among which were certain taxes to become due, but not then exactly ascertainable. In the taxable year which we had before us the trustee did not distribute the income, but went through the form of crediting some $550,290.40 on the books of the trust to the beneficiaries. However, the facts surrounding this so-called crediting showed that the trustee had no intention of ever distributing to the beneficiaries the amounts which would be required to pay the taxes and that as to these amounts the beneficiaries could not compel distribution. On these facts we held that the trustee was taxable as fiduciary on the amounts of money set aside to pay the taxes (which were paid in the following year), $252,332.02, and that the remainder of the amounts credited to the beneficiaries not required to pay taxes was distributable to the beneficiaries, although not actually distributed to them in the taxable year, and therefore was not taxable to the fiduciary. Our decision was affirmed in *McCrory* v. *Commissioner, supra.*

As we have already pointed out, the trustee in the instant case set aside $30,366.59 of the trust income in 1929 to pay 1928 taxes which under ordinary conditions would have been due and payable in 1929. It did not credit any of the $30,366.59 to the beneficiaries.

The stipulation shows that these 1928 taxes were actually paid by the trustee in 1930 and that the amount paid was $21,185.97 instead of the $30,366.59 which had been estimated. Following *McCrory* v. *Commissioner, supra,* it might seem logical to tax petitioner with his

266

proportionate part of the difference between $30,366.59 estimated and $21,185.97 actually paid in 1930. However, there is this difference between the facts present in the *McCrory* case and in the instant case. In the *McCrory* case the trustee, in form at least, credited the beneficiaries with all the net income of the trust, $550,290.40, and evidenced his full intention to distribute all of this to the beneficiaries except that which was required to pay the taxes. The evidence also shows that this difference between $550,290.40 credited and the amount of the taxes paid, $252,332.02, was in fact distributed to the beneficiaries in the two following years.

In the instant case it has been stipulated that: " No portion of the said sum of $13,068.09 was either credited or physically distributed or paid to the petitioner in the year 1929 by the ' trustee.' * * * The ' trustee ' has since refused to make actual distribution of the said sum of $13,068.09 or any part thereof, although repeated demands therefor have been made by the beneficiaries of the trust." These facts, it seems to us, make a distinction between those which existed in the *McCrory* case and the facts we have here, and we hold that none of the reserve set aside for taxes by the trustee in the taxable year before us was distributable income to petitioner.

Reviewed by the Board.

*Decision will be entered for petitioner that there is no deficiency for the year 1929.*