## TOWN OF TRUMBULL, ET AL.
### vs.
## JAMES ALBERT WALES, ET AL.

Superior Court      Fairfield County      File #48762

Present: Hon. ERNEST A. INGLIS, Judge.

David A. Cronin,      Attorney for thePlaintiff.

Edward K. Nicholson,      Attorney for the Defendant.

### MEMORANDUM FILED OCTOBER 29, 1935.

INGLIS, J. This is an action to recover taxes assessed on real estate which is now held by the defendants in trust. The demurrer raises the question as to whether the defendants may be sued for these taxes personally or whether as claimed by the defendants, they may be sued only in their representative capacity.

The complaint alleges in paragraph 8 that the defendants "are indebted" for these taxes. That allegation must mean that the taxes were assessed while they have been the holders of the legal title to the property. If so assessed they have become a debt due from the persons against whom they were assessed.

**Sec. 1231 Gen. St. Rev. 1930.**

When a fiduciary incurs a debt in the administration of his trust, such a debt is treated as a debt due from him personally. He is personally bound to pay it, although of course if it is properly chargeable against the trust fund he may charge it back in his accounting.

**Cleveland, Probate Law page 184.**

The person to whom such a debt is owed may recover either in a suit against the fiduciary personally or in a suit against him, or his successors, in his or their fiduciary capacity.

**Sec. 5640, Gen. St. Rev. 1930.**

The taxes sought to be recovered in this action constituting a debt due from the trustees personally against whom they have been assessed, may, therefore, be recovered in an action such as this brought against such trustees personally.

**Bangor & Pierce, Admx., 106 Me. 527.**

The demurrer is, therefore, overruled.