[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 6489
On January 20, 1992, the plaintiff, G. R. Cummings Co., filed a one count complaint against Beazer East, Inc. The complaint alleges that the plaintiff, a roofing contractor specializing in commercial and industrial establishments, purchased a product, "Type III, CTB," from the defendant to complete a roofing job. The plaintiff alleges that the product was defective, that it did not conform to the representations made by the defendant, and that the defendant was aware of the defect but fraudulently concealed this knowledge from the plaintiff. The roof subsequently developed serious leaks which the plaintiff was unable to repair. The complaint further alleges that, in 1990, the plaintiff incurred $25,000 in repair costs and $47,000 in replacement costs when it had to replace the entire roof.
The defendant, Beazer East, Inc., filed a motion to strike on May 4, 1992, accompanied by a memorandum of law in support thereof. The defendant asserts that the plaintiff is a "claimant" as defined in General Statutes 57-572m(c), making a claim for damages, as defined in General Statutes 57-572m(d). The defendant states, therefore, that the plaintiff's claims for a defective product, breach of warranty and misrepresentation or nondisclosure are product liability claims as defined in General Statutes 57-572n(a) and that the plaintiff should have brought its claim under the Product Liability Act which is the exclusive remedy for product liability claims.
In the Plaintiff's Brief in Opposition to Defendant's Motion to Strike, filed May 21, 1992, the plaintiff asserts that it is not a "claimant" under General Statutes 52-572m(c) because it is a commercial party, not a human being. Further, the plaintiff asserts that its claim is for a commercial loss which is excluded from the Product Liability Act.
The motion to strike tests the legal sufficiency of the pleadings. Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432
(1989). The motion to strike "shall separately set forth each . . . claim of insufficiency and shall distinctly specify the reason or reasons for each such claimed insufficiency." Practice Book 154. "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." Meredith v. Police Commissioner, 182 Conn. 138, 140, 438 A.2d 27
(1980), citing Stradmore Development Corp. v. Commissioners,164 Conn. 548, 551, 324 A.2d 919 (1973).
There are two basic issues which must be addressed to determine whether the motion to strike should be granted or denied: first, whether the plaintiff, a commercial entity, can CT Page 6490 be a claimant under the Product Liability Act, General Statutes 5-572m to 52-572n, and second, whether the losses incurred by the plaintiff are commercial losses or harm. A "claimant" is "a person asserting a product liability claim for damages incurred by the claimant or one for whom the claimant is acting in as representative capacity." General Statutes 52-572m(c). "The words `person' and `another' may extend and be applied to communities, companies, corporations, public or private, societies and associations." General Statutes 1.1(k). See also Mack v. Sears, 150 Conn. 290, 308, 188 A.2d 863 (1963) ("The term `person' includes a corporation"). Therefore, although G. R. Cummings Co. is not a human being, it can be a claimant under the Product Liability Act.
"As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code." General Statutes 52-572n(c). "`Harm' includes damage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, `harm' does not include commercial loss." General Statutes 52-572m(d). "`[C]ommercial loss,' as used in the Products Liability Act, merely has reference to consequential economic losses, and it does not include property damage or personal injury as between the commercial parties." American Manufacturers Mutual Ins. Co. v. Harrington Hoists, Inc., 4 CSCR 564, 565 (June 13, 1989, Berdon, J.). See also McKernan v. United Technologies Corp., Sikorsky Aircraft Div., 717 F. Sup. 60 (D.Conn. 1989) (economic loss upon resale of product, lost profits and increased operating costs constituted commercial loss).
In its complaint, the plaintiff alleges losses of $25,000 for roof repair and $47,000 for roof replacement. The losses alleged by the plaintiff represent money that would have been profits from the job rather than personal injury or damage to the plaintiff', property. Therefore these allegations of losses constitute commercial loss rather than harm and are not covered by the Product Liability Act.
Since the plaintiff's complaint alleges a claim based on a commercial loss, the defendant's motion to strike is denied because the losses alleged by the plaintiff are commercial losses not covered by the Product Liability Act.
Howard F. Zoarski, Judge CT Page 6491