[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 6, 1992, the City of Danbury filed a revised complaint against Topside Sealers, Inc. and Republic Powdered Metals, Inc. (hereafter "Republic"), which was formerly known as AGR Company. In the fifth count of the revised complaint, the plaintiff alleges that: CT Page 11454
 "6. The defendant is liable and legally responsible to the plaintiff for the plaintiff's property damage caused by such failure by virtue of Section 52-572m et seq. of the Connecticut General Statutes in one or more of the following respects:
 (a) In that the defendant knew or should have known that the mechanical fasteners utilized to fasten the overlay insulation strata were not fit for that particular purpose;
 (b) In that the defendant failed to warn or instruct the plaintiff and the defendant Topside Sealers, Inc. that the mechanical fasteners were inadequate and would not properly hold the overlay insulation;
 (c) In that the instructions given by the defendant concerning the installation of said roofing materials were inadequate, as a more updated version of specifications was available and in force;
 (d) In that the instructions given by the defendant concerning the installation of said roofing materials were inadequate in that they failed to provide sufficient notice to the plaintiff and the defendant Topside Sealers, Inc. of the inadequate propensities of the mechanical fasteners;
 (e) In that the defendant breached its express written warranty that the roof would be free of all leaks for a period of the ten years, including labor and materials, and that materials only shall be warranteed for an additional five years. A copy of said warranty is attached hereto as Exhibit A."
(Emphasis added.) In addition, the plaintiff revised the prayer for relief to allege that attorney's fees were recoverable pursuant to contract.
Republic has filed a motion to strike the prayer for relief requesting attorneys' fees pursuant to contract because "no place in the pleading is there an allegation that CT Page 11455 there was a contract between the plaintiff, City of Danbury, and the defendant, Republic Powdered Metals." That motion is also addressed to the fifth count because "as between commercial parties, property damage constitutes commercial loss, and thus the plaintiff is barred from pursuing its claim under the Product Liability Act." Finally, Republic would strike paragraphs 6(a) and 6(e) of the fifth count because each paragraph fails to state a legally sufficient claim. In the memorandum of law, the defendant asserts that paragraphs 6(a) and 6(e), which allege theories of recovery based upon implied and express warranties, are legally insufficient due to the warranty limitation contained in the written warranty.
"A motion to strike challenges the legal sufficiency of a pleading." (Citations omitted.) The motion admits all facts well pleaded, buy does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. "The allegations of the pleading involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail." Mingachos v. CBS, Inc., 196 Conn. 91, 108-09.
Absent contractual or statutory authorization, there can be no recovery, either as costs or damages, for the expense of litigation or the expenditures for counsel fees by a party from his opponent. Gionfriddo v. Avis Rent A Car Systems, Inc., 192 Conn. 280, 297. Prior to this motion, Republic has filed a request to revise seeking to clarify the basis upon which the plaintiff asserts attorney's fees. In response to the request, the plaintiff revised its complaint and alleged in the prayer for relief, which applies to each count of the complaint, that attorney's fees were recoverable pursuant to the contract. The plaintiff has now alleged contractual authority for attorney's fees, and the prayer for relief as a result of such revision can successfully resist the motion to strike.
The fifth count comes under attack.
 "As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product CT Page 11456 liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code."
(Emphasis added.) General Statutes, Sec. 52-572n(c). In order for this section to apply, the plaintiff and the defendant must be commercial parties, and the plaintiff must have suffered "commercial loss." Initially, in its memorandum of law, Republic argues that the "property damage suffered by the plaintiff, CITY OF DANBURY, is a commercial loss recoverable only under the Uniform Commercial Code." According to Republic "commercial loss" is defined as "economic injury, whether direct, incidental, or consequential, including property damage and damage to the product itself, incurred by persons regularly engaged in business activities consisting of providing goods or services for compensation." Producto Machine Company v. Ajax Magnethermic Corporation, 3 CSCR 66 (November 10, 1987, Burns, J.), citing Proposed Uniform Product Liability Act, S. 666, 100th Cong. 1st Sess., Sec. 102(a)(5) (March 6, 1987).
However, according to the court in American Manufacturers Mutual Insurance Co. v. Harrington Hoists, Inc., 4 CSCR 564, 565 (June 27, 1989, Berdon, J.), "[c]ommercial has reference to profits. Webster's Third International Dictionary. It is therefore clear that a `commercial loss' within the meaning of the Products Liability Act has reference to loss of profits or consequential economic losses as opposed to property damage and personal injuries." (Emphasis added.) Similarly, in G.R. Cummings Company v. Beazer East, Inc. 7 CSCR 931, 932
(July 7, 1992, Zoarski, J.), the court, after adopting the definition of "commercial loss" expressed in Harrington Hoists, held that "[t]he losses alleged by the plaintiff represent money that would have been profits from the job rather than personal injury or damage to the plaintiff's property." (Emphasis added.) This court is convinced that "commercial loss" includes losses "such as alleged lost profit, loss of commercial opportunities, and loss of good will and the like. . . ." See American Manufacturers Mutual Ins. Co. v. Harrington Hoists, Inc., supra, 565. Therefore, the damage allegedly suffered by the plaintiff does not represent "commercial loss" within the meaning of section52-572n(c). CT Page 11457
Next, the defendant asserts that the "[p]laintiff, a municipal corporation, is a commercial party, thus is barred from pursuing a claim based on a commercial loss." The court in BRT Corporation v. New England Masonry Co., Superior Court, Judicial District of Litchfield, Docket No. 0048920 (October 25, 1991, Pickett, J.), defined the phrase "commercial parties" by stating:
 "The word `commercial' has been defined as relating `to `commerce' and has profit or success as its chief aim.'. . . [United Sec. Inc. v. PGP Industries, 1 Conn. L. Rptr. 388, 389 (March 21, 1990, Murray, J.)] (citing to the American Heritage Dictionary of the English Language, 267 (1978)). Additionally, `commercial' is defined as `[i]nvolved in work that is intended for the mass market.' The American Heritage Dictionary, 297 (2d ed. 1982)."
However, the court need not decide whether the plaintiff is a commercial party because Republic supports its contention that the plaintiff is a commercial party by relying upon facts not contained in the plaintiff's complaint. When determining the sufficiency of a pleading, "[t]he trial court may not seek beyond the complaint for facts not alleged. . . ." Cavallo v. Derby Savings Bank, 188 Conn. 281, 285-86. "Where the legal grounds for such a motion are dependent upon underlying facts not alleged in the plaintiff's pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 348. A motion to strike that imparts facts outside the pleadings is "the equivalent of a `speaking motion to strike,' which is not proper. The court cannot consider such extraneous material on a motion to strike." Connecticut State Oil Co. v. Carbone 36 Conn. Sup. 181,182-83. Significantly, it should be noted that the plaintiff does not allege that it is a commercial party and does not allege facts to support the assertion that it is a commercial party. Conversely, it alleges that it is a municipal corporation that contracted with Topside Sealers, Inc., which utilized products sold by Republic to repair the roof of a school. Accordingly, the motion to strike the fifth count is a speaking motion to strike and is therefore denied. CT Page 11458
Finally, Republic seeks to strike paragraphs 6(a) and 6(e) of the plaintiff's revised complaint. "Although a motion to strike ordinarily attacks the legal sufficiency of an entire complaint, count or counterclaim, one or more paragraphs of a complaint or count may be attacked if a separate cause of action is attempted to be stated therein." (Emphasis added.) Bourquin v. Melsungen, 5 CSCR 721
(September 4, 1990, Miano, J.). See also Donovan v. Davis,85 Conn. 394, 397-98; Depray v. St. Francis Hospital,2 CSCR 691 (July 13, 1987, Dorsey, J.); Schrader v. Rosenblatt,26 Conn. Sup. 182, 183, 216 A.2d 451 (Super.Ct. 1965).
 "It is clear from the legislative history set forth in Winslow that the legislature intended all product liability claims to constitute a single cause of action; Winslow v. Lewis-Shepard, Inc., [212 Conn. 462,] supra, 469-70, [562 A.2d 517
(1989)]; and a complaint setting forth a single cause of action `should be confined to a single count.' [Citation omitted.] The fact that a product liability claim can comprehend a number of distinct theories does not preclude a single count complaint."
(Citation omitted.) Hoboken Wood Flooring Corporation v. Torrington Supply Co., 42 Conn. Sup. 153, 157. In the present case, the plaintiff, in a single count, count five, sets forth a products liability cause of action which encompasses several distinct theories of recovery. The defendant's motion to strike does not, therefore, attack paragraphs that "attempt to state an entire cause of action," but attacks a product liability claim which is a single cause of action. The motion to strike paragraphs 6(a) and 6(e) is also denied.
Assuming, arguendo, that paragraphs 6(a) and 6(e) state entire causes of action, the motion to strike remains frustrated. Republic has asserted that paragraphs 6(a) and 6(e) are legally insufficient due to the limitation of liability clause contained in the express written warranty. That limitation of liability clause provides: "Responsibility or liability by AGR Company is specifically excluded for damage to the building itself and/or to the contents; and any consequential damages." In the present case, the plaintiff CT Page 11459 has incorporated the written, express warranty, which contains the limitation of liability clause; therefore, it is not necessary to consider facts outside the four corners of the complaint to ascertain the existence of limitation of liability clause. However, in Republic's memorandum of law, it argues that the limitation of liability clause bars the plaintiff's product liability claim for property damage so long as the limitation is not unconscionable. "`The question of unconscionability is a matter of law to be decided by the court based on all the facts and circumstances of the case.'" (Citations omitted.) Texaco, Inc. v. Golart, 206 Conn. 454,461. As a result, a determination of unconscionability requires the court to look beyond the complaint to discover facts not alleged. Republic's motion to strike paragraphs 6(a) and 6(e) is once again a speaking motion to strike and is therefore denied.
In addition to being a speaking motion, "the defendant's motion requires this court to make a legal determination as to the nature of the underlying transaction alleged in the . . . [fifth] count . . . Such a determination is not appropriate on a motion to strike, which is limited strictly to whether a pleading states a legally cognizable cause of action." Kelvin Corporation v. William Foley, d/b/a Wm. Foley Sons, Inc. 7 Conn. L. Rptr. 64 (July 15, 1992, Lewis, J.). The existence of the limitation of liability clause does not make paragraphs 6(a) and 6(e) legally insufficient, but provides the defendant with a defense which can more appropriately be considered a motion for summary judgment. For this reason as well, the motion is denied as to paragraphs 6(a) and 6(e).
An order may enter in accordance with the foregoing.
Moraghan, J. CT Page 11460