[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Before the court is the third party defendant, F.M.C.'s motion to strike the third party plaintiff's third party complaint.
The case arises out of a complaint in which the Davis first party plaintiff's claim their dwelling was made uninhabitable by application of pesticides by the defendant Acme.
Acme, in turn filed a third party complaint against F.M.C., its supplier of pesticides.
The plaintiff claims: (1) counts one through six are preempted by the Federal Insecticide, Fungicide and Rodenticide Act; (2) counts one, two and six sounding respectively in negligence, apportionment and products liability are legally insufficient because for such alleged commercial losses the exclusive remedy is under the Connecticut Uniform Commercial Code; (3) plaintiff's allegations of negligence or misconduct on the part of Acme are of such an affirmative nature that they could not legally be construed as mere passive or secondary negligence sufficient to render the prohibition against awarding CT Page 945 indemnity to a joint tortfeasor inapplicable and, therefore, all counts should be struck; (4) counts three, four and five sounding in breach of warranty are legally insufficient because they do not plead that the alleged breaches of warranty rather than their own negligence are the proximate cause of the first party plaintiff's alleged injury; and finally, (5) because counts three, four and five sound in breach of warranty and are therefore barred by virtue of the exclusivity provision found at Connecticut General Statutes, Sec. 52-572n(a).
Counts three, four and five sound in breach of warranty. The third party defendant F.M.C. has moved to strike them because Acme has failed to plead facts showing that any alleged breach of warranty by F.M.C. was the proximate cause of injury to the Davises and Acme. A motion to strike should be granted if a pleading on its face is legally insufficient, although facts may exist which, if properly pleaded, would establish a cause of action. Baskin's Appeal from Probate,194 Conn. 635; Practice Book, Sec. 152.
In a breach of warranty action, the plaintiff may recover only after demonstrating that: (1) a warranty existed, (2) the defendant breached the warranty, and (3) that the breach was the proximate cause of the loss sustained. Blockhead, Inc. v. Plastic Forming Company, Inc., 402 F. Sup. 1017, 1024. Connecticut General Statutes, Ann., Sec. 42a-2-314, Official Comment B. See also sections 42a-2-714 and 42a-2-715. It is the obligation of a first party plaintiff or third party plaintiff as to any cause of action to set forth facts constituting each of the necessary elements of the cause of action in the complaint.
After summarizing the first party plaintiff's contentions, the third party plaintiff has alleged only that:
 As a result of said breach of said implied warranty of merchantability, Acme Pest Control, Inc. claims:
 1. damages in the amount of all sums which may be adjudicated against Acme Pest Control, Inc. in favor of the Plaintiffs, Davis.
2. Counsel fees, costs, and expenses CT Page 946 incurred in the defense of the claims of Plaintiffs, Davis.
The third party plaintiff has not sufficiently alleged facts indicating how the third party plaintiff acted to its loss. If the third party plaintiff's real factual claim is that it applied what are now claimed to be inappropriate pesticides to the damaged home of the first party plaintiffs because of the third party defendant F.M.C.'s, breach of warranty, it should plainly so state that. The motion to strike counts three four and five is granted for the reason that insufficient facts are alleged to set out the required claim of causal nexus between the alleged breach of warranty and the harm suffered.
The third party defendant has also moved to strike counts one, two and six because for such "commercial losses" the exclusive remedy is under the Connecticut Uniform Commercial Code.
This issue deals with two competing statutes. The Product Liability Act (PLA) was implemented by legislature to simplify pleadings. Winslow v. Lewis-Shepard, Inc., 212 Conn. 462,562 A.2d 517 (1989). The provision at issue is section52-572n(a and c).
 (a) A product liability claim as provided in sections 52-240a, 52-240b, 52-572m to 52-572r, inclusive, and 52-577a maybe asserted and shall be in lieu of all other claims against product sellers . . . .
 (c) As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code.
Title 42a-2-314 (2) provides the criteria for merchantability of goods and it and surrounding sections set up liability under express and implied warranties. Reading the plain language of the PLA, it seems that if a commercial party has a commercial loss he may not bring it under the PLA CT Page 947 but only under the UCC. The plain reading seems to say each remedy is exclusive of the other and cannot be pled alternatively.
The difficulty comes in defining a commercial loss. F.M.C. is correct in asserting that Acme's claim is a commercial loss. There are several cases that decide the definition of commercial loss. One dealt with a claim for defective calendar rolls. The court stated that a commercial entity sought "substantial economic and financial loss and damages" and alleged nothing else. These the court held were commercial losses. Connecticut Dept. of Transportation v. General Electric, 1 CSCR 391 (1986). Another court found that commercial loss are "losses that represent money that would have been profits from the job rather than . . ." property damage or personal injury. G.R. Cummings Co. v. Beaver East, Inc., 7 CSCR 931, 932 (July 7, 1992, Zoarski, J.). Still another court defined commercial loss as damages derived from labor. BRT Corp. v. New England Masonry Co., Superior Court, Judicial District of Litchfield, Docket No. 0048920 (October 25, 1991, Pickett, J.). In the Producto case, the Superior Court crafted a definition which fits the matter at hand. It stated that commercial loss equals economic injury "whether incidental or consequential, including property damage incurred by persons regularly engaged in business activities." Producto Machine Co. v. Ajax Manufacturing Corp., 3 CSCR 66 (Burns, J.).
Acme is pleading a commercial loss in counts one, two and six.
The motion to strike counts one, two and six is granted for the reason that the Uniform Commercial Code provides the third party plaintiff's exclusive remedy for the kind of commercial losses which have been pled.
Flynn, J.