[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This proceeding was instituted under the product liability statutes of this state. See Sec. 52-572m et seq. The complaint alleges that Mark Rideg, an employee of the plaintiff corporation (hereafter "Pilot"), purchased linseed oil under the brand name of "E-Z Boiled Linseed Oil" and that he used that oil to refinish a retail counter located in the lobby of Pilot's store. The CT Page 2735 linseed oil was sold, manufactured and/or distributed by the E. E. Zimmerman Company (hereafter "Zimmerman"). It continues and recites that after refinishing the counter, Rideg, following the instructions labeled on the container, placed the rags used in conjunction with the refinishing on top of a barrel in a well ventilated area. Those rags "spontaneously" ignited, causing a fire and the attendant damage to Pilot's premises including, inter alia, damage to the inventory, fixtures and supplies.
Zimmerman has filed a motion to strike the complaint on the ground of legal insufficiency.[1] It maintains in its motion that although Pilot's action has been brought pursuant to the Product Liability Act, that act is inapplicable to "actions between commercial parties for commercial loss." There is authority for and against this proposition.
The purpose of the motion to strike is to challenge the legal sufficiency of the allegations of any complaint. Gordon v.Bridgeport Housing Authority, 208 Conn. 161, 170. In judging the motion, it does not matter whether the party can prove the allegations at trial. Levine v. Bess and Paul Sigel HebrewAcademy of Greater Hartford Inc., 39 Conn. Sup. 129, 131. It admits all facts well pleaded, but does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. The sole inquiry is whether the plaintiff's allegations, if proved, state a cause of action. Mingachos v. CBSInc., 196 Conn. 91, 108.
"A product liability claim as provided in sections 52-240a,52-240b, 52-572m to 52-572r, inclusive, and 52-577a may be asserted and shall be in lieu of all other claims against product sellers, including actions of negligence, strict liability and warranty, for harm caused by a product. . . . As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code." Section 52-572m(a)(c).
In deciding whether a claim falls under the commercial loss exception . . . the court must first determine whether the claim is between commercial parties. Neither commercial property, nor commercial loss is defined in the act. State v. McGriff,2 Conn. L. Rptr. 467, 468 (September 26, 1990, Hennessey, J.). The CT Page 2736 legislative history of the amendment also does not provide any clear insight into the legislature's use of the term commercial loss. Producto Machine Company v. Ajax Magnethermic Corporation,3 CSCR 66 (November 10, 1987, Burns, J.). Several coordinate courts have expressed contradictory holdings that "`commercial loss', as used in the Products Liability Act, merely has reference to consequential economic losses, and it does not include property damage or personal injury as between the commercial parties." See American Manufacturers Mutual InsuranceCo. v. Harrington Hoists, 4 CSCR 564 (June 13, 1989, Berdon, J.). Other Superior Court cases have construed the meaning of "commercial." See, e.g., Davis v. Acme Pest Control,11 Conn. L. Rptr. 26 (January 25, 1994, Flynn, J.); United Security, Inc. v.PGP Industries, 1 Conn. L. Rptr. 388 (March 21, 1990, Murray, J);Producto Machine Company v. Ajax Magnethermic Corporation, supra.
Zimmerman argues that all parties to the present action are, in fact, commercial parties. It then maintains that "all property damage to a commercial parties' premises constitutes a `commercial loss' which is not recoverable under the Product's Liability Statute," relying upon Producto Machine Company v. AjaxMagnethermic Corporation, supra, and Davis v. Acme Pest ControlInc., supra. It postulates that since Pilot only claims property damage, the claim is precluded by the Products Liability Act and is, therefore, legally insufficient.
Pilot would rebut Zimmerman's interpretation that the commercial loss exception is broad enough to include economic losses and also suits "to reimburse parties suffering actual physical damage losses" is misguided and not supported by the plain language of the statute. According to the plaintiff, such a broad interpretation "would unfairly enrich product manufacturers/distributors who place defective and dangerous products into the stream of commerce but fortuitously find commercial purchasers."
In contradistinction to the allegedly defective products in the cases relied upon by Zimmerman, the allegedly defective product in this case, the linseed oil, was alleged to have been purchased not as an integral, profit-making component of Pilot's business (whatever business that may be), but as a product designed to be used in a manner common to both commercial entities and private consumers alike. Pilot's incidental use of a fungible product, and the unfortunate events that flowed from that use, are what distinguishes the facts of this case from the CT Page 2737 well reasoned decisions of those cases cited by Zimmerman.
However, the court need not decide whether Pilot has suffered a commercial loss because the defendant's contention that Pilot's losses are commercial is predicated upon facts not contained in Pilot's pleading. Paragraph eight of the complaint recites that "[a]s a result of the aforesaid accident and fire, the plaintiff, The Pilot's Choice, sustained damage to its premises and inventory, fixtures, and supplies contained therein for which the plaintiff is or may be liable." On the face of that pleading, it cannot be determined with any specificity (1) the nature of Pilot's business, (2) the nature of Pilot's losses, and (3) in what manner Pilot may be liable to other parties, which would not only help ascertain the nature of the foregoing elements, but may lend factual support to Zimmerman's assertion that Pilot is a commercial party who has suffered such a loss.
The motion to strike is, accordingly, denied.
Moraghan, J.