[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 6, 1997
The plaintiff, Tauck Tours, Inc., commenced this action under the Products Liability Act (PLA), General Statutes § 52-572m
et seq., against the defendants, Mitchell Bailey, Inc. (Mitchell Bailey), Vibration Eliminator Company, Inc. (Vibration Eliminator), and Metraflex Company, Inc. (Metraflex), seeking recovery for water damage to the plaintiff's building allegedly caused by the defendants. The plaintiff alleges that a "flexible connector," supplied by Vibration Eliminator and used by Mitchell Bailey to attach two pipes in the main hot water line of the plaintiff's hotel building, failed on or about April 29, 1993, causing water damage. Specifically, the plaintiff seeks to recover "the large sums of money [expended] repairing said property and restoring it to its proper condition." Fourth Amended Complaint, First Count, ¶ 11.
The defendant, Vibration Eliminator, filed a motion for summary judgment as to the first count of the plaintiff's fourth amended complaint on the ground that, as between commercial parties, commercial loss caused by a product may not be covered under the PLA.
"Summary judgment shall be rendered forthwith if the CT Page 5009 pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
The defendant argues that the parties in this case are commercial parties, that the plaintiff seeks to recover commercial loss from the defendant, and that. pursuant to General Statutes § 52-572n(c), commercial loss between commercial parties is not recoverable under the PLA, but must be pursued under the Uniform Commercial Code. In response, the plaintiff argues that property damage does not fall within the definition of "commercial loss," and, therefore, that the plaintiff may pursue its claim under the PLA.
General Statutes § 52-572n(c) provides: "As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code." "Commercial loss" is not defined in the PLA and the Connecticut Supreme and Appellate Courts have not addressed this issue. Furthermore, there is a split of authority among the Superior Courts as to what constitutes a commercial loss. One line of cases defines commercial loss as an "economic injury, whether direct, incidental or consequential, including property damage and damage to the product itself, incurred by persons regularly engaged in business activities consisting of providing goods and services for compensation." (Emphasis added.) Producto Machine Co. v. AjaxMagnethermic Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 236005 (November 10, 1987, Burns, J.) (3 CSCR 66, 67), quoting the Proposed Uniform Product Liability Act, S. 666, 100th Cong. 1st Sess. § 102(a)(5) (March 6, 1987). The other holds that "`commercial loss' within the meaning of the Products Liability Act has reference to loss CT Page 5010 of profits or consequential economic losses as opposed toproperty damage and personal injuries." (Emphasis added.)American Manufacturers Mutual Ins. Co. v. Harrington Hoists, Inc.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 262369 (June 13, 1989, Berdon, J.) (4 CSCR 564, 565) (relying in part on statements of a nonlegislator before the judiciary committee).
The plaintiff's claim in the first count is essentially for property damages caused by the defendant's allegedly defective product. In a different context, the Connecticut Supreme Court recognized a clear distinction between commercial loss and property loss. Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 583-84, 657 A.2d 212 (1995) ("the term `damage to property,' as used in § 52-572h, does not include purely commercial losses"). "In light of this distinction, [the Supreme Court] construed the phrase `damage to property' in General Statutes § 52-572h(b) to refer only to damage to or the loss of use of tangible property and not to encompass losses that are purely commercial." Waters v. Autuori, 236 Conn. 820, 833-34,676 A.2d 357 (1996). The court in Williams Ford, Inc. noted that "the legislature amended § 52-572m(d) [or the Products Liability Act] in 1984, specifically to exclude purely commercial loss from the definition of `harm,'" and, therefore, inferred "that the legislature was mindful of a distinction between property damage and commercial losses." Williams Ford, Inc. v. Hartford CourantCo., supra, 232 Conn. 583.
Based on Waters v. Autuori and Williams Ford, Inc. v.Hartford Courant Co., I find that "`commercial loss' within the meaning of the Products Liability Act has reference to loss of profits or consequential economic losses as opposed to property damage and personal injuries." American Manufacturers Mutual Ins.Co. v. Harrington Hoists, Inc., supra, 4 CSCR 565. Therefore, because the plaintiff's claims are for property damage, the plaintiff is not precluded by General Statutes § 52-572n(c) from pursuing its claim under the Product Liability Act. Accordingly, the defendant's motion for summary judgment as to the first count of the plaintiff's fourth amended complaint is denied.
D'ANDREA, J. CT Page 5011