[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE BY DEFENDANT ALLSTON
This case began by complaint dated June 17, 1992, when the plaintiff, Dale Smith, commenced this negligence action against the defendant, Yankee Motor Inn, Inc. ("Yankee"). The plaintiff seeks damages arising from injuries allegedly sustained from the use of Yankee's restroom or about August CT Page 6940 14, 1990. The plaintiff alleges that he was injured while using Yankee's restroom in the following manner: "the plaintiff . . . attempted to pull paper out of the wall unit dispenser which caused the entire unit to fall out and strike the plaintiff in the knee."
On May 26, 1993, the court, Hurley, J., granted Yankee's motion to implead the following additional parties: Molnlycke (Ab Sweden) ("Molnlycke") and Allston Supply Co., Inc. ("Allston"). On June 21, 1993, Yankee filed a third-party complaint against Molnlycke and Allston under General Statutes §§ 52-102a and 52-572 et seq.
Count two contains allegations against Allston. Yankee alleges that said paper dispenser was "designed, assembled, fabricated, constructed, processed, sold, packaged, manufactured and/or distributed by [Allston]." Consequently, Yankee seeks from Allston indemnification for all of its potential liability to the plaintiff.
On June 21, 1994, Allston filed a motion to strike count two of Yankee's third-party complaint. Allston filed a supporting memorandum of law. Yankee did not file a memorandum of law in opposition to Allston's motion to strike.
The function of a motion to strike is to test the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138,142, 561 A.2d 432 (1989). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988). "The motion to strike, like the demurrer, admits all facts well pleaded." Ferryman v. Groton, supra, 142.
Upon deciding a motion to strike, the trial court must construe the "[third-party plaintiff's] complaint in [a] manner most favorable to sustaining its legal sufficiency."Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1
(1991). "[I]f the facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citations omitted; internal quotation marks omitted.) Ferryman v. Groton, supra, 142.
Allstate argues that count two of Yankee's third-party complaint is legally insufficient for purposes of the Products CT Page 6941 Liability Act, General Statutes § 52-572m. Allstate therefore argues that said count should be stricken.
"[T]he Product Liability Act is an exclusive remedy for claims falling within its scope.'" Burkert v. Petrol Plus ofNaugatuck, Inc., 216 Conn. 65, 73, 579 A.2d 26 (1990), quotingWinslow v. Lewis-Shepard, Inc., 212 Conn. 462, 471,562 A.2d 517 (1989). "A product liability claim . . . may be asserted . . . for harm caused by a product." General Statutes § 52-572n. "As between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim." General Statutes § 52-572n(c). Although not defined by the legislature, "`commercial loss' within the meaning of the Products Liability Act has reference to loss of profits or consequential economic losses as opposed to property damage and personal injuries." American Manufacturers MutualInsurance Co. v. Harrington Hoists, Inc., 4 CSCR 564, 565
(June 13, 1989, Berdon, J.), See Thivierge v. FortressScientific Limited, 9 Conn. L. Rptr. 259 264 (June 14, 1993, Teller, J.) (no product liability claim lies where cross-claim seeks damages for any judgment entered against the defendant and attorney's fees incurred in defense of such action).
Yankee alleges that if the plaintiff sustained his alleged injuries, then such injuries were caused by the defective paper dispenser. Yankee further alleges that Allston is responsible for said defect "as the designer, assembler, fabricator, constructor, processor or packager, distributor and/or seller of this product, and manufacturing of said product." Yankee seeks from Allston "[i]ndemnification for any and all sums it pays to the plaintiff. . . ."
Yankee and Allston are commercial parties for purposes of the Product Liability Act as Allston is the distributor of said paper dispensers and Yankee is engaged in business that utilizes said paper dispensers in connection with its operation as a motor inn. Yankee's allegations concern loss of profits or consequential economic losses as opposed to property damage and personal injuries; therefore, the court finds that in this situation Yankee seeks indemnification for commercial losses. Accordingly, Yankee cannot maintain a products liability claim for commercial losses. See General Statutes § 52-572n(c). CT Page 6942
Construing count two of Yankee's third-party complaint in a manner most favorable to sustaining its legal sufficiency, count two of Yankee's third-party complaint is legally insufficient. Allston's motion to strike count two of Yankee's third-party complaint is granted.