[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON THIRD PARTY DEFENDANT'S MOTION TO STRIKE (#161)
In July 1991, the estate of David Coates, Jr., commenced this action against the defendants, Brian and Laura Herzing, and the defendant Rolscreen Company. The plaintiff filed a three count complaint against the Herzings[1] and Rolscreen after the plaintiff fell to his death from a window manufactured by Rolscreen and installed in the Herzings' home. The claims against Rolscreen were withdrawn on July 13, 1992.[2] On July 15, 1992, the Herzings filed a motion to implead and a four count third-party complaint for indemnification against Rolscreen. The only claim remaining in the present action is the Herzings' claim for indemnification against Rolscreen.
The first count of the substituted third-party complaint[3]
against Rolscreen alleges a common law cause of action for indemnification. It is based on Rolscreen's primary liability for the design, manufacture, marketing and distribution of the window. The second count seeks indemnification on the ground that Rolscreen negligently misrepresented that the window was suitable for use in the home. The third count alleges that Rolscreen breached its implied warranty of merchantability under General Statutes § 42a-2-314, in that the window was not fit for its ordinary purpose. The fourth count seeks indemnification on the ground that Rolscreen breached its implied warranty of fitness for a particular purpose under General Statutes § 42a-2-315.
On October 24, 1994, Rolscreen filed a motion to strike the CT Page 465 third-party complaint. Rolscreen moves to strike the complaint on the grounds that: (1) the Herzings have failed to allege facts sufficient to establish that the defendant was primarily negligent so as to permit indemnification; (2) there is no right of contribution among joint tortfeasors except as provided by General Statutes § 52-572h; (3) common law indemnification is not available in a suit brought pursuant to the Product Liability Act; (4) with respect to the third count, the Herzings have failed to allege facts sufficient to establish that the window was not fit for its ordinary purpose; (5) with respect to the fourth count, the Herzings have failed to allege facts sufficient to establish that the window was not fit for a particular purpose.
The Herzings filed a memorandum in opposition to the motion to strike on November 25, 1994. The arguments in opposition to the motion to strike are set out below.
The motion to strike challenges the legal sufficiency of a pleading. Practice Book § 152; Mingachos v. CBS, Inc.,196 Conn. 91, 108, 491 A.2d 368 (1985). The motion is properly used to test the legal sufficiency of an impleader complaint.Commissioner v. Lake Phipps Land Owners Corp. , 3 Conn. App. 100,102 n. 2, 485 A.2d 580 (1985). A motion to strike must be based on facts alleged in the pleadings. Novametrix Medical Systems, Inc.v. BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992). "[F]acts necessarily implied by the allegations in a complaint are sufficiently pleaded, and hence need not expressly be alleged." Bouchard v. People's Bank, 219 Conn. 465, 471,594 A.2d 1 (1991). "If any facts provable under the express and implied allegations in the plaintiff's complaint support a cause of action . . . the complaint is not vulnerable to a motion to strike." Id.
1. Argument that the Herzings Have Failed to Allege Facts Sufficient to Establish that the Third-party Defendant was Primarily Liable so as to Permit Indemnification.
Indemnification is a claim for reimbursement in full from one on whom primary liability is claimed to rest. Kyrtatas v. Stop Shop, Inc., 205 Conn. 694, 701, 535 A.2d 357 (1988). "Ordinarily there is no right of indemnification between joint tortfeasors."Atkinson v. Berloni, 23 Conn. App. 325, 326, 580 A.2d 84 (1989);Farm Bureau Mutual Automobile Ins. Co. v. Kohn Bros. Tobacco Co.,141 Conn. 539, 544, 107 A.2d 406 (1954). "[A] party is entitled CT Page 466 to indemnification, in the absence of a contract to indemnify, only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v. Petrol Plus of Naugatuck,Inc., 216 Conn. 65, 74, 579 A.2d 26 (1990), citing Kaplan v.Merberg Wrecking Corp. , 152 Conn. 405, 411, 207 A.2d 732 (1965). An implied obligation to indemnify exists between joint tortfeasors where one tortfeasor is primarily or actively negligent. Kaplan v. Merberg Wrecking Corp. , supra, 412. "A party who is secondarily negligent can obtain indemnification from another party whose negligence is primary [or active]." Immick v.Sears, Roebuck Co., Superior Court, judicial district of Danbury, Docket No. 305177 (January 22, 1992) (Fuller, J.,5 Conn. L. Rptr. 469), citing Weintraub v. Richard Dahn, Inc.,188 Conn. 570, 573, 452 A.2d 117 (1982); Kaplan v. Merberg Wrecking Corp. , supra, 415. "This is an exception to the general rule that there is no right of indemnification among joint tortfeasors." Id., citing Ferryman v. Groton, 212 Conn. 138, 142-43, 561 A.2d 432
(1989).
To successfully plead indemnification based on another party's primary negligence, the third-party complaint must allege facts sufficient to prove the following:
(1) the other party was negligent;
 (2) the other party's negligence was the direct and primary, immediate cause of the injury;
(3) the other party was in exclusive control over the situation;
 (4) the party seeking indemnification did not know of the other party's negligence, had no reason to anticipate it, and could reasonably rely on the other party to act without negligence.
Bukert v. Petrol Plus of Naugatuck, Inc., supra, 216 Conn. 74. In addition, "in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. " Atkinson v. Berloni, supra, 23 Conn. App. 328.
"The question whether a party is primarily negligent and thereby liable for indemnification to another tortfeasor is CT Page 467 ordinarily one for the trier of fact . . . and not appropriate for disposition by the court on a motion to strike." (Citation omitted.) Id.; King v. State, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 287324 (January 26, 1995) (Rush, J., 13 Conn. L. Rptr. 321). Thus, the proper inquiry for the court is whether the third-party plaintiffs could prove, on the basis of their allegations, that they are entitled to indemnification. Atkinson v. Berloni, supra, 23 Conn. App. 328.
In the present action, Rolscreen maintains that the Herzings have alleged neither that Rolscreen owed a duty to the third-party plaintiffs based on an independent legal relationship nor that the defendant had "exclusive control over the situation."
Rolscreen claims that it would have had to be in exclusive control of the premises where the accident occurred for the Herzings to successfully plead indemnification based on Rolscreen's primary negligence. The Herzings construe the exclusive control element differently, stating that Rolscreen was in exclusive control of the situation because it designed, manufactured, marketed and distributed a latently defective product.
The present action is factually similar to Bernard v.Marriott Corp. , Superior Court, judicial district of Stamford, Docket No. 114261 (May 11, 1992) (Rush, J., 6 Conn. L. Rptr. 406). In Bernard, the plaintiff instituted an action against Marriott to recover for personal injuries sustained when a heat lamp in a hotel room exploded, allegedly causing injury to the plaintiff. Id. Marriott filed a third-party action against General Electric Company for indemnification. Id. General Electric moved to strike the complaint on the ground that because Marriott had possession of the lamp, it could not satisfy the requirement that General Electric had exclusive control over the situation. Id. In denying the motion, the court stated that "[i]n the product liability context, where it is claimed that the manufacturer has placed a defective product in the stream of commerce, the court is unwilling to conclude, as a matter of law, that the parting with possession of the product by the manufacturer prevents it from being in `exclusive control over the situation' where the product causes an injury to a third party. In light of the evidence that might be admissible under the pleadings in the present action, the court regards the question of exclusive control an issue to be determined by the trier of fact." Id. CT Page 468
The court in Torrington Country Club v. Ply Gen, Superior Court, judicial district of Litchfield, Docket No. 061340 12 Conn. L. Rptr. 53
(June 21, 1994) (Pickett, J.) followed the holding in Bernard. InTorrington Country Club, the defendant in a product liability action filed a third-party complaint for indemnification, contribution and breach of warranty against the suppliers of allegedly defective wooden trusses and lumber. The third-party plaintiff alleged that the third-party defendants placed the product in the stream of commerce and that the third-party plaintiff installed the product without substantial alteration or change. The third-party defendants claimed that they were retailers and therefore, as a matter of law, could not have been in "exclusive control over the situation." The court, however, defined the "situation" as the "use and installation" of the defective product. Acknowledging that a motion to strike admits all well-pleaded facts, the court stated that the third-party defendants could be exclusively responsible for the use and installation of the defective product which caused substantial damage to the plaintiff's property. The court held that the third-party plaintiff sufficiently alleged exclusive control over the situation.
The Herzings have sufficiently alleged the exclusive control element of common law indemnification. In the product liability context, the exclusive control element is not limited to control over the premises where the injury occurs. Bernard v. MarriottCorp. , supra. Rather, it includes control over the condition or defect causing the injury. Torrington Country Club v. Ply Gen, supra. Whether Rolscreen had exclusive control over the situation is a question of fact for the trier of fact. Kaplan v. MerbergWrecking Corp. , supra, 152 Conn. 418. The relevant inquiry in a motion to strike is whether the plaintiff's allegations, if proven, state a cause of action. Levine v. Bess and Paul SigelHebrew Academy of Greater Hartford, Inc., 39 Conn. Sup. 129, 132,471 A.2d 679 (1983). The Herzings allege that Rolscreen had exclusive control over the design, manufacture, marketing and distribution of the window and that the window reached the Herzings without substantial change in its condition. Based on the decisions in Bernard and Torrington Country Club, the allegation of exclusive control is sufficient to withstand a motion to strike.
Rolscreen claims that the Herzings have not alleged that Rolscreen owed a duty to the third-party plaintiffs based on an independent legal relationship. Judge Hadden's June 13, 1994 CT Page 469 memorandum of decision on Rolscreen's motion to strike the third-party complaint stated that the complaint sufficiently alleged an independent legal relationship. This court agrees and accepts Judge Hadden's ruling as the law of the case. State v. Arena,235 Conn. 67, 80, 663 A.2d 972 (1995); Breen v. Phelps, 186 Conn. 86,99-100, 439 A.2d 1066 (1982).
2. Argument that There is No Right of Contribution Among Joint Tortfeasors Except as Provided by General Statutes § 52-572h.
Rolscreen moves to strike the substituted third-party complaint on the ground that there is no right of contribution among joint tortfeasors except as provided by General Statutes § 52-572h. It is unclear why Rolscreen raises this argument since the Herzings do not set forth a claim for contribution in their third-party complaint. Accordingly, Rolscreen's argument regarding contribution is without merit.
3. Argument that Common Law Indemnification is Not Available in a Suit Brought Pursuant to the Product Liability Act.
Rolscreen argues that the Herzings' suit for indemnification is brought under Connecticut's Product Liability Act. Rolscreen then argues that the third-party complaint should be stricken because the Product Liability Act abrogated the doctrine of common law indemnification in the context of a product liability suit, citing Kyrtatas v. Stop Shop, Inc., supra, 205 Conn. 694.
The Herzings argue, however, that their claim is not brought under the Product Liability Act. The Herzings argue that the claims against them by the plaintiff's estate sounded in negligence and the Herzings, as third-party plaintiffs, seek common law indemnification against Rolscreen for amounts paid to the plaintiff's estate on the negligence claims. Thus, while Rolscreen correctly states the law with respect to indemnification in product liability actions, Rolscreen misconstrues the Herzings' cause of action.
Furthermore, the Herzings point out that the Product Liability Act applies only to "claims against product sellers . . . for harm caused by a product." General Statutes § 52-572n(a). The Herzings contend that their claim against Rolscreen is not based on harm caused by a product, but is based on common law indemnification. Apparently, the Herzings maintain that they do not have standing to sue under the Act since their CT Page 470 claim is not based on harm to them caused by Rolscreen's product.[4]
See Stepler v. Zelich, Superior Court, judicial district of New Haven at New Haven, Docket No. 326980 (January 30, 1995) (Zoarski, J.).
The Herzings' common law action for indemnification is proper in the context of this case. Rolscreen's argument that the third-party complaint should be stricken on the ground that common law indemnification is not available in a suit brought pursuant to the Product Liability Act is misplaced. This is not a claim under that act.
4. Argument that the Herzings Failed to Allege Facts Sufficient to Establish that the Window was Not Fit for Its Ordinary Purpose.
Rolscreen moves to strike the third count of the complaint which seeks indemnification based on a breach of the implied warranty of the window's fitness for its ordinary purpose under General Statutes § 42a-2-314. Rolscreen argues that the Herzings have not alleged what the ordinary purpose is or that the injuries sustained by the plaintiff's decedent were due to the breach. The Herzings claim that § 42a-2-314 does not require that the ordinary purpose of the product be specifically pled.
Indemnification is an appropriate remedy for breach of an implied contractual obligation. Kaplan v. Merberg Wrecking Corp. , supra, 152 Conn. 411. "Causes of action which arise under a statute must comply with the pleading requirements applicable to the statute." Benchmark Building v. United Builders Supply Co., Superior Court, judicial district of Middlesex at Middletown, Docket No. 62896 6 Conn. L. Rptr. 497 (May 29, 1992) (Austin, J.), citing Senior v.Hope, 156 Conn. 92, 98, 239 A.2d 486 (1968). "It is the obligation of a . . . third party plaintiff as to any cause of action to set forth facts constituting each of the necessary elements of the cause of action in the complaint." Davis v. AcmePest Control, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 39612 11 Conn. L. Rptr. 26 (January 25, 1994, Flynn, J.). "In a breach of warranty action, the plaintiff may recover only after demonstrating that: (1) a warranty existed, (2) the defendant breached the warranty, and (3) that the breach was the proximate cause of the loss sustained." Id.
In the third count, the Herzings have alleged facts regarding the existence of the implied warranty by alleging that they CT Page 471 purchased a window manufactured by Rolscreen; that Rolscreen breached the warranty by manufacturing a defective window; and that the plaintiff's decedent fell through a window and screen that was designed, manufactured, marketed and distributed by Rolscreen, resulting in his death. The facts alleged state a cause of action for breach of implied warranty under § 42a-2-314.
5. Argument that the Herzings Failed to Allege Facts Sufficient to Establish that the Window was Not Fit for a Particular Purpose.
Rolscreen also moves to strike the fourth count of the complaint. Count four seeks indemnification based on a breach of the implied warranty of the window's fitness for a particular purpose under General Statutes § 42a-2-315. Specifically, Rolscreen claims that the Herzings failed to allege what the particular purpose was, that Rolscreen knew of the purpose, and that any injuries sustained by the plaintiff's decedent was caused by the failure of the window to perform the particular purpose. The Herzings argue that they are only required to prove at trial that the product seller had reason to know of the particular purpose and that they relied on the seller's skill or judgment. Thus, they claim that the allegations in the fourth count are sufficiently pled.
"To establish a cause of action for breach of the implied warranty of fitness for a particular purpose, a party must establish (1) that the seller had reason to know of the intended purpose and (2) that the buyer actually relied on the seller." Millerv. Northeast Utilities, Superior Court, judicial district of New London at New London, D.N. 52 04 84 8 Conn. L. Rptr. 615 (April 21, 1993) (Hurley, J.), citing Superior Wire Paper Products, Ltd. v.Tallcott Tool Machine, Inc., 184 Conn. 10, 19, 441 A.2d 43
(1981); Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810, 817,610 A.2d 1312 (1992).
The third-party complaint in the present action states in relevant part that "[t]he third-party plaintiffs . . . could reasonably rely on the third-party defendant not to create a dangerous and defective condition." (Substitute Third-party Complaint, June 23, 1994, count 4, para. 17). The complaint also states that the "Pella window and screen supplied were not fit for the particular purpose for which the goods were purchased and for which purpose was known to the Rolscreen Company." (Substitute Third-party Complaint, June 23, 1994, count 4, para. 18). The fourth count sufficiently alleges a breach of the CT Page 472 implied warranty of fitness for a particular purpose under §42a-2-315.
CONCLUSION
On the basis of the foregoing, the third-party defendant's motion to strike the third-party complaint is denied as to all counts.
Joseph A Licari Jr., Judge