[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 4, 1996
On November 21, 1994, the plaintiff, Andrea Amati, by her mother and next friend, Anna Amati, filed her four count second revised complaint against the defendants, Bridgeport Hospital and Sanat Nallainathan, M.D. The plaintiff alleges causes of action in negligence and recovery of medical expenses against the defendants. The plaintiff further alleges in her complaint that Nallainathan administered a "brain stem evoked potential test" on the minor plaintiff at Bridgeport Hospital, and that during the test the plaintiff sustained burns to her scalp and earlobes.
On June 2, 1995, Bridgeport Hospital filed a two count revised third-party complaint alleging violation of the Connecticut Product Liability Act (CPLA), General Statutes §52-572m, et. seq., against the third-party defendants, D.O. Weaver Co. (Weaver) and Medcraft Corp. (Medcraft). In count one, Bridgeport Hospital alleges that Weaver manufactured and sold a skin preparation cream known as Omniprep, which was used during the test performed on the plaintiff, that the Omniprep was defective, and that any liability Bridgeport Hospital may have to the plaintiff arises out of the defective Omniprep. In count two, Bridgeport Hospital alleges that Medcraft manufactured and sold an electrode cream known as Medcream, which was used during the test performed on the plaintiff, that the Medcream was defective, and that any liability Bridgeport Hospital may have to the plaintiff arises out of the defective Medcream.
On June 6, 1995, Weaver filed a motion to strike count one of the revised third-party complaint on the ground that it fails to state a claim upon which relief can be granted because the CPLA does not apply to commercial losses between commercial parties. Weaver also filed a memorandum of law in support. Bridgeport Hospital filed a memorandum in opposition to Weaver's motion to strike on August 17, 1995.
"The purpose of a motion to strike is to contest . . . the CT Page 5371 legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340, cert. denied, 228 Conn. 903,634 A.2d 296 (1993) "If facts provable in the complaint would support. a cause of action, the motion to strike must be denied."Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v. BOC Group, Inc., supra,
215.
Weaver contends that count one of Bridgeport Hospital's third-party complaint is legally insufficient in that the CPLA does not permit commercial parties to recover a commercial loss. Bridgeport Hospital replies that the CPLA is the only remedy available to it, that it is not a commercial party, and that the damages it seeks are not a commercial loss.
Section 52-572m(b) provides in pertinent part that "`[p]roduct liability claim' includes all claims or actions brought for personal injury, death or property damage caused by the manufacture . . . of any product." Section 52-572m(d) provides that "`[h]arm' includes damage to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, `harm' does not includecommercial loss." (Emphasis added.) Section 52-572n(c) provides that "[a]s between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code."
The CPLA does not define the terms "commercial party" or "commercial loss." In Thivierge v. Fortress Scientific Limited,
Superior Court, judicial district of New London at Norwich, Docket No. 100790 (June 14, 1993) (Teller, J., 9 CONN. L. RPTR. 259, 8 CSCR 712), the court stated that "[t]he word `commercial' CT Page 5372 has been defined as relating to commerce and has profit or success as its chief aim . . . Additionally, `commercial' is defined as [i]nvolved in work that is intended for the mass market." (Citations omitted; internal quotation marks omitted.) See also Danbury v. Topside Sealers, Inc., Superior Court, judicial district of Danbury, Docket No. 309268 (December 30, 1992) (Moraghan, J.); BRT Corp. v. New England Masonry Co.,
Superior Court, judicial district of Litchfield, Docket No. 048920, 5 CONN. L. RPTR. 205 (October 25, 1991) (Pickett, J.);American Manufacturers Mutual Insurance Co. v. Harrington Hoists,Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 262369 (June 13, 1989) (Berdon, J.). Bridgeport Hospital maintains that it is not a commercial party because it is a nonprofit entity, and because, as it treats patients individually, its services are not intended for the mass market.
While there is no authority which designates a hospital a commercial party for purposes of the CPLA, there is also no authority to the contrary. Nevertheless, a hospital has been considered a commercial entity in other contexts. For purposes of the Connecticut Unfair Trade Practices Act (CUTPA) a hospital is considered to fall within CUTPA's definition of trade and commerce. See, e.g., Haynes v. Yale-New Haven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 263026 (June 2, 1995) (Gordon, J.); Brown v. Riverside Health,
Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 534043 (November 22, 1995) (Wagner, J.);Venturi v. William W. Backus Hospital, Superior Court, judicial district of New London at New London, Docket No. 523510 (July 1, 1993) (Hendel, J.); Lutson v. Bridgeport Hospital, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268229, 2 CONN. L. RPTR. 244 (August 10, 1990) (Jones, J.). Furthermore, in the context of zoning, the court in Daughters ofSt. Paul v. Zoning Board, 17 Conn. App. 53, 58, 549 A.2d 1076
(1988), stated that "[c]ertainly . . . hospitals . . . may be commercial enterprises, whether they are operated for profit, or are nonprofit in nature. . ."
"`Commercial loss' within the meaning of the Products Liability Act has reference to loss of profits or consequential economic losses as opposed to property damage and personal injuries." (Internal quotation marks omitted.) Danbury v. TopsideSealers, Inc., supra. In Producto Machine Co. v. AjaxMagnethermic Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 236005 (November 10, 1987) CT Page 5373 (Burns, J., 3 CSCR 66), the court relied on the Proposed Uniform Product Liability Act, S. 666, 100th Cong. 1st Sess. § 102(a)(5) (March 6, 1987) which defines "commercial loss" as "economic injury, whether direct, incidental, or consequential, including property damage and damage to the property itself, incurred by persons regularly engaged in business activities consisting of providing goods and services for compensation."
(Emphasis added; internal quotation marks omitted.) Bridgeport Hospital provides goods and services for compensation. Moreover, it has also been determined that damages resulting from a judgment and related attorneys fees and costs are considered commercial losses. Thivierge v. Fortress Scientific Limited,supra; see also Smith v. Yankee Motor Inn, Superior Court, judicial district of New London at New London, Docket No. 523560 (July 22, 1994) (Leuba, J., 9 CSCR 880).
Should Bridgeport Hospital be found liable to the plaintiff, such damages to the hospital cannot be considered either property damage or personal injury, and therefore must be considered consequential economic losses. Thus, Bridgeport Hospital must be considered a commercial party, and any damages it may incur as a result of the negligence action must be considered a commercial loss under the CPLA. As the allegations demonstrate that such a judgment would be a commercial loss between commercial parties, such a claim may not be asserted under the CPLA, but rather must be brought under the Uniform Commercial Code.
Accordingly, Weaver's motion to strike count one of Bridgeport Hospital's third-party complaint is granted.
BALLEN, J.