[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed May 21, 1997
FACTS
On April 1, 1996, the plaintiff, Joan LaMothe, filed a four count complaint against the defendants Peter W. Reyelt, Jr., M.D. and Sharon Hospital. The first count is against Dr. Reyelt and alleges that he failed to use the care and skill used by physicians engaged in medical practice in the specialty of general surgery, he failed to properly monitor the plaintiff during surgery, and he failed to discover a foreign object which was left inside the plaintiffs body. The second count is against Sharon Hospital and alleges essentially the same acts of negligence in connection with the surgery on the part of the hospital. Counts three and four allege res ipsa loquitur against Dr. Reyelt and Sharon Hospital.
Doctor Reyelt filed a motion to implead Davol, Inc. and C.R. Bard, Inc. ("Davol and Bard") as a third party defendant on November 11, 1996. The motion was granted (Pickett, J.) on December 2, 1996. On January 8, 1997, the plaintiff, pursuant to General Statutes § 52-102a(c) asserted an additional count against Davol and Bard sounding in product liability. Thereafter, on February 14, 1997, Dr. Reyelt filed a two count revised complaint against Davol and Bard. In count one Dr. Reyelt seeks indemnification, CT Page 4916 attorney's fees and costs from the defendants, pursuant to General Statutes § 52-572m et seq., for the injuries to the plaintiff which may be incurred by Dr. Reyelt. In count two Dr. Reyelt, pursuant to product liability statute, alleges a claim for contribution against Davol and Bard.
Davol and Bard filed this motion to strike Dr. Reyelt's revised complaint on February 21, 1997. Davol and Bard move to strike on the ground that Dr. Reyelt does not have an independent claim against them under Connecticut's Product Liability Act. As required by Practice Book § 155, the third-party defendant has filed a memorandum in support of its motion to strike, and the thirdparty plaintiff has filed a timely memorandum in opposition.
DISCUSSION
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Waters v. Autuori, 236 Conn. 820,825, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; (citation omitted) id.; and the grounds specified in the motion. Blancato v.Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235 (1987). The motion to strike "admits all facts well pleaded." Mingachos v.C.B.S., Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra, 236 Conn. 825. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826.
Count One — Indemnification
Dr. Reyelt's claim for indemnification specifically states in paragraph 9 that the defendants are liable and legally responsible for indemnification and contribution for Joan LaMothe's injuries by virtue of General Statutes § 52-572m et seq.
General Statutes § 52-572m(b) states that a "[p]roduct liability claim includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions . . . of any product." Section 52-572m(d) defines "harm" as "damages to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, `harm' does not include commercial loss." CT Page 4917
General Statutes § 52-572n(c) describes permissible product liability claims and states in part that "[a]s between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code." While the statute never defines a commercial loss, courts have held that "commercial loss equals economic injury whether `incidental or consequential, including property damagesincurred by persons regularly engaged in business activities'.
(Emphasis added.) Davis v. Acme Pest Control Inc., 11 CONN. L. RPTR. 26 (1994) (Flynn, J.) quoting Producto Machine Co. v. AjaxManufacturing Corp., 3 CSCR 66 (1987) (Burns, J.)" KofkoffFeed, Inc. v. Agway, Inc., Superior Court, judicial district of New London at New London, Docket No. 522748, 13 CONN. L. RPTR. 247 (Jan. 6, 1995) (Austin. J.).
In Kofkoff Feed, Inc. v. Agway, Inc., a suit was brought against Kofkoff Feed as a result of lecithin-mixed chicken feed sold by them, which caused an increase in mortality rate amongst the chickens. Kofkoff Feed then entered into a separate cause of action against BFS Corporation, the seller of the lecithin, seeking indemnification for any damages it might incur. Thereafter, BFS Corporation filed a third-party complaint for indemnification pursuant to General Statutes § 52-572m et seq. against Archer Daniel Midland Corporation, who sold the lecithin to BFS that was eventually sold to Kofkoff Feed. The court granted the third-party defendant's motion for summary judgment, holding that because all the parties involved are commercial parties such a suit is barred under Connecticut's product liability act because BFS is merely seeking reimbursement for economic losses — monies that it might have to pay Kofkoff Feed if BFS is found to have breached any implied warranties under the Uniform Commercial Code.
In reaching his conclusion, Judge Austin relied on Smith v. YankeeMotor Inn, 9 CSCR 880 (1994) (Leuba, J.). In that case the plaintiff sued Yankee Motor Inn for damages and personal injuries suffered when a paper towel dispenser fell off a restroom wall and hit plaintiff on the knee. As a result of that suit, the defendant, Yankee Motor Inn, filed a third party product liability complaint against the designer and manufacturer of the towel dispenser seeking "indemnification for any and all sums it pays to the plaintiff."Id. The court, however, granted the third party defendant's motion to strike on the ground that Yankee Motor Inn was seeking "loss of CT Page 4918 profits or consequential economic loss as opposed to property damages and personal injuries" which were barred under Connecticut's product liability statute.
The result in this case should be the same. Dr. Reyelt seeks indemnification from Davol and Bard for any damages or liability he may incur as a result of Joan LaMothe's injuries. Dr. Reyelt has not suffered the personal injury, death or property damage the statute was designed to remedy. Since indemnification is sought only for commercial loss and the parties are commercial parties the suit is barred under the Product Liability Act.
Dr. Reyelt, in his memorandum of law in opposition to the motion to strike, relies on certain language found in Malerba v.Cessna Aircraft Co., 210 CONN. 189, 554 A.2d 287 (1989), to support its claim that the type of harm it claims it has suffered may be the basis for a suit brought pursuant to the Product Liability Act. In that decision the court states that "[W]e conclude that common law indemnification continues as a viable cause of action in the context of product liability claims." Id., 498. The court in Malerba was dealing only with counts alleging common law indemnification and not, as is alleged in this case, a claim being asserted pursuant to the Product Liability Act.
Accordingly, Davol and Bard's motion to strike count one of the Dr. Reyelt's third party complaint is granted.
Count Two — Contribution
"Contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." Malerba v. Cessna Aircraft,supra, 195. Connecticut courts have consistently held that there is no right to contribution at common law. Gomeau v. Forrest,176 CONN. 523, 409 A.2d 1006 (1979). However, the products liability statute, § 52-572m et seq., has abrogated the common law rules of contribution in the context of products liability suits.Kyratas v. Stop Shop, Inc., 205 CONN. 694, 698-02,535 A.2d 357 (1988).
The language of General Statutes § 52-572o(e) indicates that a party may bring a contribution action only after either settlement or verdict. The Supreme Court, however, in Malerba v. Cessna Aircraft,supra, harmonized the apparent inconsistencies between General Statutes § 52-102a, § 52-572o (e), and § 52-577a(b) and CT Page 4919 concluded that the preconditions of § 52-572o(e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party as authorized by § 52-102a. Id., 195. In the present case. Dr. Reyelt has properly impleaded Davol and Bard. Accordingly, Davol and Bard's motion to strike count two is denied.
Dranginis, J.