[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIRE
FACTS
On April 6, 1995, the plaintiffs, Karen M. Gelormino and Mark L. Gelormino, filed a two count complaint against the defendant, J.C. Penney Company, Inc. In count one, Karen Gelormino alleges a cause of action in negligence for injuries she sustained when she allegedly tripped and fell over a clothes rack at the J.C. Penney Store in Torrington, Connecticut. In the second count, Mark Gelormino alleges a claim for loss of consortium.
J.C. Penney filed a four count third-party complaint, on October 18, 1996, against the third-party defendant, Darling Special Products, Inc. a/k/a Colson Equipment. Count one alleges breach of contract. The second count seeks indemnification based on the active-passive negligence on the part of the third-party defendant. Count three is a claim for breach of warranty. In the fourth count, J.C. Penney alleges a violation of the Connecticut Product Liability Act, General Statutes § 52-572m et CT Page 5655 seq., and seeks indemnification and contribution.
The third-party defendant filed this motion to strike J.C. Penney's third-party complaint on February 4, 1997. The third-party defendant moves to strike on the grounds that J.C. Penney does not allege a breach of contract, J.C. Penney's indemnification claim is legally insufficient because it does not allege that the third-party defendant was negligent, J.C. Penney's claim for breach of warranty is legally insufficient, and that under the Product Liability Act, as between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant.
As required by Practice Book § 155, the third-party defendant has filed a memorandum in support of its motion to strike, and the third-party plaintiff has filed a timely memorandum in opposition.
DISCUSSION
"The purpose of a motion to strike is to contest the legal sufficiency of the allegations of any complaint to state a claim upon which relief can be granted." Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint"; (citation omitted) id.; and the grounds specified in the motion.Blancato v. Feldspar Corp., 203 Conn. 34, 44, 522 A.2d 1235
(1987). The motion to strike "admits all facts well pleaded."Mingachos v. C.B.S., Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "The court must construe the facts in the complaint most favorably to the plaintiff." Waters v. Autuori, supra,236 Conn. 825. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id., 826. However, "[a] motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems, Inc. BOC Group,Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
"Whenever the court grants a motion to strike the whole or any portion of any pleading or count which purports to state an entire cause of action or defense, and such pleading or portion thereof states or constitutes part of another cause of action or defense, the granting of that motion shall remove from the case only the cause of action or defense which was the subject of the granting of that motion, and it shall not remove such pleading or CT Page 5656 count or any portion thereof so far as the same is applicable to any other cause of action or defense." Practice Book § 158.
Count One
"In pleading an action for breach of contract, plaintiff must plead: 1) the existence of a contract or agreement; 2) the defendant's breach of the contract or agreement; and 3) damages resulting from the breach. O'Hara v. State, 218 Conn. 628,590 A.2d 948 (1991)." Chem-Tek, Inc. v. General Motors Corp.,816 F. Sup. 123, 131 (D.Conn. 1993).
In count one, J.C. Penney alleges that the third-party defendant contracted with J.C. Penney to sell the clothes racks referred to in the plaintiffs' amended complaint. It is further alleged that to the extent Karen Gelormino was injured such injuries are the result of the third-party defendant's breach of contract by its failure to properly design and manufacture the clothes rack and its failure to provide proper warnings and instructions. J.C. Penney has further alleged damages as a result of the breach. In viewing the allegations in a light most favorable to J.C. Penney, this court finds that J.C. Penney has sufficiently alleged the elements for breach of contract.
Accordingly, the motion to strike count one of J.C. Penney's third-party complaint is denied.
Count Two
"[A] party is entitled to indemnification, in the absence of a contract to indemnify only upon proving that the party against whom indemnification is sought either dishonored a contractual provision or engaged in some tortious conduct." Burkert v.Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74, 579 A.2d 26
(1990). When a claim is grounded in tort, reimbursement is warranted only upon the proof that the injury resulted from the "active or primary negligence" of the party against whom reimbursement is sought. Id. Such proof requires a party to plead and establish four essential elements: (1) that the other tortfeasor was negligent; (2) that his negligence rather than that plaintiff's, was the direct and immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor CT Page 5657 not to be negligent. Id.
In Atkinson v. Berloni, 23 Conn. App. 325, 580 A.2d 84
(1990), our Appellate Court added a fifth element to a claim for indemnification. "We conclude that, in order to be entitled to indemnification from a joint tortfeasor, the party seeking indemnification must establish that the alleged indemnitor owed that party a duty based on an independent legal relationship. "Id., 328.
Count two alleges that the third-party defendant was negligent, that the negligence of the third-party defendant was active and any negligence on the part of J.C. Penney was passive, that J.C. Penney relied on the third-party defendant to act without negligence. J.C. Penney, however, fails to allege that the third-party defendant was in exclusive control of the situation. Therefore, J.C. Penney has not sufficiently alleged all the elements of common law indemnification. Accordingly, the motion to strike count two is granted.
Count Three
Count three alleges that the third-party defendant expressly and impliedly warranted that its product would be safe for its intended use and that any damages alleged by the plaintiff are the result of the third-party defendant's breach of warranty. "In a breach of warranty action, the plaintiff may recover only after demonstrating that: (1) a warranty existed, (2) the defendant breached the warranty, and (3) that the breach was the proximate cause of the loss sustained." Coates v. Rolscreen Co.,
Superior Court, judicial district of New Haven at New Haven, Docket No. 330146 (16 Conn. L. Rptr. 35, Jan. 19, 1996, Licari, J.). Moreover, indemnification is an appropriate remedy for breach of an implied contractual obligation. Kaplan v. MerbergWrecking Corp., 152 Conn. 405, 411, 207 A.2d 732 (1965).
J.C. Penney has not alleged what, if any, express warranty existed. Since J.C. Penney's allegation of a breach of an express warranty is not supported by any facts, such a mere conclusion of law is legally insufficient.
J.C. Penney also appears to allege that the third-party defendant breached its implied warranty of merchantability. General Statutes § 42a-2-314 provides, in pertinent part, that "a warranty that the goods shall be merchantable is implied in a CT Page 5658 contract for their sale if the seller is a merchant with respect to goods of that kind."
J.C. Penney has alleged facts regarding the existence of the implied warranty, under § 42a-2-314, by alleging that the third-party defendant contracted with J.C. Penney to sell the subject clothes racks; that the third-party defendant designed, manufactured and sold and distributed the clothes racks; that the third-party defendant breached its implied warranty that the product would be safe for its intended use; and that any injuries suffered by the plaintiff were the result of the design, manufacture or distribution of the clothes rack.
Count Four
In count four, J.C. Penney has alleged indemnification and contribution pursuant to General Statutes § 52-572m et. seq.
General Statutes § 52-572m(b) states that a "[p]roduct liability claim includes all claims or actions brought for personal injury, death or property damage caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions . . . of any product." Section 52-572m(d) defines "harm" as "damages to property, including the product itself, and personal injuries including wrongful death. As between commercial parties, `harm' does not include commercial loss."
General Statutes § 52-572n(c) describes permissible product liability claims and states in part that "[a]s between commercial parties, commercial loss caused by a product is not harm and may not be recovered by a commercial claimant in a product liability claim. An action for commercial loss caused by a product may be brought only under, and shall be governed by, title 42a, the Uniform Commercial Code." While the statute never defines a commercial loss, courts have held that "commercial loss equals economic injury whether `incidental or consequential, includingproperty damages incurred by persons regularly engaged inbusiness activities'. (Emphasis added.) Davis v. Acme PestControl Inc., 11 Conn. L. Rptr. 26 (1994) (Flynn, J.) quotingProducto Machine Co. v. Ajax Manufacturing Corp., 3 CSCR 66
(1987) (Burns, J.)" Kofkoff Feed, Inc. v. Agway, Inc., Superior Court, judicial district of New London at New London, Docket No. 522748 (Jan. 6, 1995, Austin, J.). CT Page 5659
In Kofkoff Feed, Inc. v. Agway, Inc., a suit was brought against Kofkoff Feed as a result of lecithin-mixed chicken feed sold by them, which caused an increase in mortality rate amongst the chickens. Kofkoff Feed then entered into a separate cause of action against BFS Corporation, the seller of the lecithin, seeking indemnification for any damages it might incur. Thereafter, BFS Corporation filed a third-party complaint for indemnification pursuant to General Statutes § 52-572m et seq. against Archer Daniel Midland Corporation, who sold the lecithin to BFS that was eventually sold to Kofkoff Feed. The court granted the third-party defendant's motion for summary judgment, holding that because all the parties involved are commercial parties such a suit is barred under Connecticut's product liability act because BFS is merely seeking reimbursement for economic losses — monies that it might have to pay Kofkoff Feed if BFS is found to have breached any implied warranties under the Uniform Commercial Code.
In reaching his conclusion, Judge Austin relied on Smith v.Yankee Motor Inn, 9 CSCR 880 (1994) (Leuba, J.). In that case the plaintiff sued Yankee Motor Inn for damages and personal injuries suffered when a paper towel dispenser fell off a restroom wall and hit plaintiff on the knee. As a result of that suit, the defendant, Yankee Motor Inn, filed a third party product liability complaint against the designer and manufacturer of the towel dispenser seeking "indemnification for any and all sums it pays to the plaintiff." Id. The court, however, granted the third party defendant's motion to strike on the ground that Yankee Motor Inn was seeking "loss of profits or consequential economic loss as opposed to property damages and personal injuries" which were barred under Connecticut's product liability statute.
The result in this case should be the same. J.C. Penney seeks indemnification from the third-party defendant for any injuries suffered by Karen Gelormino. J.C. Penney has not suffered the personal injury, death or property damage the statute was designed to remedy. Since indemnification is sought only for commercial loss and the parties are commercial parties, the suit is barred under the Product Liability Act.
The third-part defendant, in its memorandum of law in opposition to the motion to strike, relies on certain language found in Malerba v. Cessna Aircraft Co., 210 Conn. 189,554 A.2d 287 (1989), to support its claim that the type of harm it claims CT Page 5660 it has suffered may be the basis for a suit brought pursuant to the Product Liability Act. In that decision the court states that "[W]e conclude that common law indemnification continues as a viable cause of action in the context of product liability claims." Id., 498. The court in Malerba was dealing only with counts alleging common law indemnification and not, as is alleged in count four, a claim being asserted pursuant to the Product Liability Act. Therefore, the third-party defendant's motion to strike the indemnification portion of the fourth count is granted.
"Contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others." Malerba v. CessnaAircraft, supra, 195. Connecticut courts have consistently held that there is no right to contribution at common law. Gomeau v.Forrest, 176 Conn. 523, 409 A.2d 1006 (1979). However, the products liability statute, § 52-572m et seq., has abrogated the common law rules of contribution in the context of products liability suits. Kyratas v. Stop Shop, Inc., 205 Conn. 694,698-702, 535 A.2d 357 (1988).
The language of General Statutes § 52-572o(e) indicates that a party may bring a contribution action only after either settlement or verdict. The Supreme Court, however, in Malerba v.Cessna Aircraft, supra, harmonized the apparent inconsistencies between General Statutes § 52-102a, § 52-572o(e), and §52-577a(b) and concluded that the preconditions of § 52-572o(e) apply only to those circumstances where a party elects to pursue an independent cause of action for contribution rather than impleading the prospectively liable third party as authorized by § 52-102a. Id., 195. In the present case, J.C. Penney has properly impleaded the third-party defendant. Accordingly, the third-party defendant's motion to strike the contribution portion of count four is denied.
Conclusion
In summary, the third-party defendant's motion to strike count one, the claim for a breach of the implied warranty of merchantability in count three and the claim for contribution pursuant to the Product Liability Act in count four are denied.
The motion to strike is granted as to count two, the claim for a breach of an express warranty in count three and the claim CT Page 5661 for indemnification pursuant to the Product Liability Act in count four.
DRANGINIS, J.