[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On September 17, 1997, the plaintiffs, American Manufacturers Mutual Insurance Company, William Yules and Dale Roberts, filed a four-count complaint against the defendants, Robertshaw Controls Co., and Amerigas Propane, Inc.
Counts one and three, which are not at issue, are directed against Robertshaw as the manufacturer, distributor, and seller of an allegedly defective gas valve.
Count two (products liability) and count four (contribution) CT Page 911 are directed against Amerigas. These counts allege that Amerigas sold, distributed and installed a defective gas valve in the propane system of the home occupied by Yule and Roberts, that the defective valve caused an explosion in this home, and that Yule and Roberts were damaged thereby. These counts also allege that American Mutual covered the loss of Yules and Roberts, paid them pursuant to the terms of an insurance policy, and is subrogated to the extent of its payment. Count two alleges that this is a products liability claim, brought pursuant to General Statutes § 52-572m. Count four further alleges that Roberts and Yule were sued by two other occupants of the building, Seth and Kathleen Bannon, and "[t]hey seek contribution . . . from the defendants, for any damages which they may be liable to pay to the Bannons." (Count Four, ¶ 10).
On March 3, 1998, Amerigas filed a motion to strike accompanied by a memorandum of law. The plaintiffs filed a memorandum in opposition on March 27, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . ." (Citation omitted; internal quotation marks omitted.) Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214, 618 A.2d 25 (1992).
Amerigas "moves to strike the plaintiff's claim for contribution" on the ground that this claim "cannot be asserted by the plaintiff at this juncture of the litigation." Amerigas contends that this action is brought under Connecticut's Product Liability Act, and pursuant to General Statutes § 52-572o(e), a claim for contribution may be brought only after a judgment has been rendered or a discharge of liability by payment has been made. The plaintiffs counter that General Statutes §52-572o does not apply because "the would-be contributee . . . is not alleged to be liable under a products liability theory, the products liability act does not proport [sic] to regulate his rights to contribution." The plaintiffs maintain that their theory for contribution arises under the common law, and that the common law now permits such a contribution claim.
As previously stated, count two alleges that the plaintiffs' claim is brought pursuant to General Statutes § 52-572m, CT Page 912 Connecticut's Product Liability Act. (Count Two, ¶ 8) In count four, Yule and Roberts seek contribution from Amerigas, alleging that they have been sued by the Bannons, whose "damages, if any, were caused by the defective nature of the propane gas valve." (Count Four, ¶¶ 8, 9). The claim for contribution is governed by General Statutes § 52-572o(e), which governs contribution claims arising out of products liability actions.
General Statutes § 52-572o(e)[1] provides that if a judgment has been rendered, a contribution action must be brought within one year after such judgment becomes final. If no judgment has been rendered, the person bringing the contribution action must have either "discharged by payment the common liability," and commenced the contribution action within one year after payment, or previously agreed to "discharge the common liability," and within one year after the agreement, pay the liability and bring a contribution action. Accordingly, this statute "requires some disposition of the original claim as a precondition to the initiation of a cause of action seeking contribution from a third party. . . ." (Emphasis omitted.)Malerba v. Cessna Aircraft Co., 210 Conn. 189, 195, 554 A.2d 287
(1989).[2] "The language of the [the statute] indicates that a party may bring a contribution action only after either settlement or verdict." LaMothe v. Reyelt, Superior Court, judicial district of Litchfield, Docket No. 069418 (May 21, 1997,Dranginis, J.) (19 Conn. L. Rptr. 545, 547).
Here, the plaintiffs fail to allege that a judgment has been rendered or, otherwise, that a discharge by payment of the common liability has occurred. Accordingly, Amerigas's motion to strike the fourth count of the complaint is granted.
Howard F. Zoarski Judge Trial Referee